No. 2,385.

WILLIAM J. RICE, Respondent, *v.* RUSSELL HEATH, Appellant.

Evidence.—Memorandum Book.—A entry in a memorandum book is subject to explanation, by the party making it, to the same extent as it would have been had the words been spoken instead of being written.

Error by the Court is Presumed to be an Injury.—Error imports injury to the party against whom it is committed, unless it affirmatively appear by the record that no injury did or could occur to him thereby.

APPEAL from the District Court of the First District, Santa Barbara County.

The facts are stated in the opinion.

*A. Packard,* for Appellant.

*J. Franklin Williams,* of Counsel.

*Wilson & Crittenden,* for Respondent.

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., SPRAGUE, J., and TEMPLE, J., concurring :

One Ramon Gonzales was the owner of an interest in certain lands in Santa Barbara County, which Rice was desirous of purchasing. The latter alleges that to effect this purpose he employed Heath to be his agent, and was to pay him $448, and no more, for his services in that respect. Heath, upon the other hand, claims that the agreement was that if he, Heath, should acquire this interest of Gonzales, and cause it to be transferred to Rice, the latter would pay him, Heath, therefor six dollars per acre for each acre of the interest so purchased. Estimating the land purchased at six dollars per acre, the price would be $20,620, while the price actually paid to Gonzales was $17,000. This would leave a difference of $3,620 — and to this sum Heath claims that he is entitled, as his profit on the transaction. Rice paid over to Heath the sum of $20,620 under the belief, as he alleges, that that sum was the price which Gonzales was to receive for the land, and afterwards, upon discovering that the purchase from the latter had been effected for $17,000, he brought this action against Heath to recover the difference between the two sums of money.

It will be seen that the principal question was, whether Rice was to be considered as purchasing from Gonzales, through his agent, Heath, or as purchasing from Heath himself, at a price fixed in advance upon the contingency of the acquisition of the property by the latter. Upon the trial Rice was sworn as a witness, and in the course of his

examination in chief he produced a memorandum book, in which was found the following entry, which he stated to be in the handwriting of Heath: "You want to bring to pay twenty thousand six hundred and twenty-two dollars for the ranch. The calculation on the purchase is $6 on 3,437 acres; the amount of real interest is 3,736, on which Snodgrass is to pay at the rate of $6 per acre." This memorandum was read in evidence by Rice as a part of his statement of what had occurred between Heath and himself, and the general tenor of which evidence was, of course, to show that Heath acted as his agent in effecting the purchase. Afterwards, the defendant, Heath, was sworn upon his own behalf, and his counsel, calling his attention to this memorandum, asked of him the following question: "Please, now look at the memorandum book which was introduced in evidence with the testimony of the plaintiff, on the page which he stated to be in your handwriting, and explain that said record." The counsel for Rice objected to the question, and the objection was sustained by the Court, "on the ground that the writing explains itself, and that parol testimony is inadmissible to change or alter its tenor, no ambiguity appearing on its face."

The Court below erred in the ruling in this respect; the memorandum read in evidence was itself parol merely; it was open to explanation to the same extent that it would have been if Heath had spoken those words instead of writing them. Though in writing, it is not "written evidence," in the sense of "containing the terms of the contract between the parties, and designed to be the repository and evidence of their final intentions" (1 Greenleaf on Evidence, Sec. 275), and therefore not to be contradicted or varied by parol.

It is said, however, that though the Court may have erred in this ruling, it does not appear that the appellant was prejudiced thereby. We think that the error imports injury to the party against whom it is committed, unless it affirmatively appear by the record that no injury could or did occur to him thereby. We cannot know what explanation Heath might have given concerning this memorandum, nor how important or material it might have been in its bearing

upon the point in dispute. It would appear that he had something to offer concerning it which his counsel supposed would aid his side of the controversy. And the plaintiff's counsel seems to have been of that view also, because ho thought that the interests of his client would be promoted by excluding the proposed explanation.

The rule is, "that every error is *prima facie* an injury to the party against whom it is made; and it rests with the other party clearly to show, not that probably no hurt was done, but that none *could have been* or was done by the error." (*Jackson* v. *Feather River Water Co.* 14 Cal. 25; *Carpentier* v. *Williamson*, 25 Cal. 167; *Norwood* v. *Kenfield*, 30 Cal. 400.)

The judgment and order denying a new trial are therefore reversed, and the cause remanded.

CROCKETT, J., expressed no opinion.