[No. 9794. Department One. — May 22, 1888.]

PATRICK CLEARY, RESPONDENT, *v.* CITY RAILROAD COMPANY, APPELLANT.

PARENT AND CHILD — NEGLIGENT KILLING OF CHILD — MEASURE OF DAMAGES IN ACTION BY PARENT. — Under section 377 of the Code of Civil Procedure, the amount of damages which a father is entitled to recover for the negligent killing of his minor child is such sum as, under all the circumstances of the case, is just and reasonable; and in determining the amount of the recovery, the jury may properly consider, not only the loss of the child's services during minority, and the medical attendance and funeral expenses, but also the mental anguish and suffering of the parents.

INSTRUCTIONS — ERROR PRESUMPTIVELY PREJUDICIAL. — An erroneous instruction improperly limiting and controlling the jury in determining the amount of damages which the plaintiff is entitled to recover is presumptively prejudicial.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion.

*Wilson & Wilson,* for Appellant.

*P. Reddy,* and *F. R. Whitcomb,* for Respondent.

BELCHER, C. C.—This action was brought to recover damages for injuries sustained by the plaintiff's minor daughter, Julia Cleary, which resulted in her death, and are alleged to have been caused by the negligence of an employee of defendant, a street-railway company in the city of San Francisco.

The case was tried before a jury, and the verdict was for the plaintiff in the sum of one thousand dollars. The plaintiff moved for a new trial on the ground of errors in law occurring at the trial and excepted to by him, and the court granted the motion. The appeal is by defendant from that order.

At the request of the plaintiff the court instructed the jury, in reference to the measure of damages, as follows:—

"You are instructed that you have the right to award or give to the plaintiff, if you find in his favor, such damages as may, under all the circumstances of the case, be just and reasonable."

Afterward the court, of its own motion, gave to the jury another instruction upon the measure of damages, in these words:—

"Should you find for the plaintiff, the damages recoverable by the plaintiff, in addition to the medical and funeral expenses, would be such a sum as would fully and fairly compensate the father for the loss of the service of his daughter during her minority, and you should not, in considering the matter, take into account the personal wrongs done to the deceased, nor the pain and suffering inflicted on her, nor on the father or mother. In other words, the measure of plaintiff's damages, in case he recovers, should be such sum, and such sum only, as would fully and fairly compensate the father for the loss of his child's services during her minority, in addition to the expenses of medical attendance and funeral expenses."

The first instruction was proper (Code Civ. Proc., sec. 377), and the second was erroneous. (*Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 20; *Cook* v. *Clay Street Hill R. R. Co.*, 60 Cal. 604; *Nehrbas* v. *Central Pacific R. R. Co.*, 62 Cal. 320.)

It is true the damages awarded to the parent in such cases is not for the pain and suffering inflicted on the infant, but the loss of the child's services during minority, the mental anguish and suffering of the parents, in addition to the medical attendance and funeral expenses, are elements which under our peculiar statute (Code Civ. Proc., secs. 376, 377) are proper to be considered in determining the amount of the recovery.

Every error is presumed to work injury to the party against whom it is committed, unless it affirmatively appears from the record that no injury did or could

result.  (*Rice* v. *Heath*, 39 Cal. 609.)  The instruction complained of improperly limited and controlled the jury in determining what amount of damages plaintiff was entitled to recover, and we are unable to say that it did not operate to his prejudice.

Other instructions were given to the jury which were excepted to by the respondent and are claimed to have been erroneous, but they need not be considered here.

In our opinion the new trial was properly granted, and the order should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.