ALBERT T. WEBB, ADM'R, RESPONDENT, *v.* THE
  DENVER AND RIO GRANDE WESTERN RAIL-
  WAY COMPANY, APPELLANT.

PRACTICE.—JURY.—SPECIAL VERDICT.—Section 3374, 2 Comp. Laws,
  1888, provides that " in an action for the recovery of money
  only, or specific real property, the jury, in their discretion,
  may render a general or special verdict. In all other cases
  the court may direct the jury to find a special verdict, upon
  all or any of the issues, and in all cases may instruct them,
  if they render a general verdict, to find upon particular ques-
  tions of fact, to be stated in writing, and may direct a writ-
  ten finding thereon," *held,* that in an action for damages for
  personal injury it was within the discretion of the court,
  whether it would direct the jury to make special findings or
  not, and a refusal to do so was not error.

PERSONAL INJURY—ADMINISTRATOR—DAMAGES—MENTAL SUFFERING.
  —In an action for a personal injury causing a death, brought
  by the administrator of the deceased, the court instructed the
  jury that the plaintiff might recover for the mental pain and
  suffering caused to the mother, who was the heir, by the
  death of the deceased, *held* that this instruction was error.[1]

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial.
The opinion states the facts.

*Messrs. Bennett, Marshall and Bradley* and *Mr. R.
Harkness,* for the appellant.

*Mr. J. L. Rawlins,* for the respondent.

ANDERSON, J.:

This is an action against the defendant for negligently

[1] See *Openshaw* v. *Utah and Nevada Ry. Co.,* 6 Utah 132.

2

causing the death of plaintiff's decedent, a car inspector and repairer in its employ, while engaged in assisting a brakeman in coupling a car that was out of repair to another car, by means of a chain, in order that the broken car might be set out on a side track for repairs. The case was tried before a jury, which rendered a verdict for plaintiff for $4,995. The defendant moved for a new trial, which was overruled, and it appealed from the order overruling the motion, and from the judgment. At the trial, counsel for defendant requested the court to instruct the jury to make special findings on certain questions of fact, which the court refused to do, and this refusal is assigned as error. Section 3374, 2 Comp. Laws 1888, provides that, "in an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases, the court may direct the jury to find a special verdict in writing, upon all or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." It was within the discretion of the court, whether it would direct the jury to make special findings or not, and it was not error to refuse to do so. The court gave to the jury the following instruction: "(10) If the jury find in favor of the plaintiff, such damages may be given as, under all the circumstances of the case, may be just, not exceeding the amount claimed in the complaint." It is contended that this instruction is too general, and should have stated the rule as to the measure of damages more explicitly. Excepting the last clause, the instruction is in almost the exact language of the statute. But whether it is fairly open to the critic'sm made or not, the objection urged against it is obviated by

the next instruction, it being a familiar rule that all the instructions given are to be construed together. The next instruction is as follows, to-wit: "(11) In estimating the loss sustained by the plaintiff as administrator and the mother of said deceased, who is his heir, you have a right to take into consideration, not only the pecuniary value of his services and support to her during her li'e, if he had lived, but the social and domestic relations of the parties, their kindly demeanor, or the lack of it, toward each other, the loss which the mother may sustain in being deprived of the society, aid, and care of her son, as well as the mental pain and suffering caused to her by his death, as may appear from the evidence, in estimating what damages under all the circumstances of the case may be just." Counsel for defendant insist that this instruction is erroneous, in so far as it authorizes the jury to take into consideration the mental pain and suffering caused to the mother of the deceased by his death.

At the common law the right of action for a personal injury, whether it produced death or not, was terminated by the death of the injured party. Broom. Leg. Max. 400, 401; Whit. Smith, Neg. 430; 3 Suth. Dam. 281; 1 Shear. & R. Neg. § 124. But in England this rule was abolished in 1846, by what is commonly called "Lord Campbell's Act," (9 and 10 Vict. c. 93,) and which has been adopted in substance by most of the States of this Union as well as by this Territory. 2 Comp. Laws 1888, §§ 2961, 2962. This statute was adopted in this Territory in 1874, and provides that an action may be maintained against any person or corporation whose wrongful act or neglect has caused the death of any person, notwithstanding the death of the injured person, if the injured party could have maintained an action for damages in respect thereof if death had not ensued; and that

every such action shall be brought by, and in the name of, the personal representatives of such deceased person, and the amount recovered shall be distributed by the probate court to the heirs of the decedent to the exclusion of creditors, and that the amount of damages so recovered shall not in any case exceed the sum of $10,000. By sections 3178 and 3179, Comp. Laws 1888, adopted in 1884, it is provided that such an action may be maintained for the death of a minor by the parent or guardian, and for the death of one not a minor by his heirs or personal representatives, and that in such action, "such damages may be given as under all the circumstances of the case may be just." Under a statute similar to the one last referred to, it has been held in California, in an action by a father for the death of his daughter, that it was proper for the jury to consider, in determining the amount of his recovery, his mental anguish and suffering for the loss of his child. *Cleary* v. *Railroad Co.,* 76 Cal. 240; 18 Pac. Rep. 269. The court gives no reason for so holding, aside from the wording of the statute, but contents itself by referring to *Beeson* v. *Green Mountain, etc., Co.,* 57 Cal. 20; *Cook* v. *Railroad Co.,* 60 Cal. 604, and *Nehrbas* v. *Railroad Co.,* 62 Cal. 320. But in neither of these cases was the point directly raised. In the case in 62 Cal., which was an action by a father for the negligent killing of five of his minor children, the jury gave a verdict for $10,-800, and the court, in refusing to set aside the verdict as excessive, said that the jury was not "limited to the actual pecuniary injury sustained by the plaintiff by reason of the loss of the services of his children," but nothing was said anywhere in the case about the mental anguish and suffering of the father being a proper element of damage. The case in 60 Cal. was an action by the wife as administratrix for the death of her hus-

band caused by the negligence of the defendant. The plaintiff and her daughter were permitted to testify against the objections of defendant that the deceased was a kind and attentive husband and father, and that his social and domestic relations were happy. But no proof was offered of the mental anguish of the widow or family, nor were any damages given on that ground. The court held that it was proper to show the domestic relations of the parties, their kindly demeanor to each other, etc.

The foregoing cases decided by the California courts are all based on the case of *Beeson* v. · *Green Mountain, etc., Co.*, 57 Cal. 20. That was a case where the wife sued for the death of her husband, caused by the negligence of the defendant. Evidence was offered as to the social and domestic relations of the plaintiff and her deceased husband, and the lower court instructed the jury that they might consider the pecuniary loss, if any, the plaintiff had suffered in the death of her husband by being deprived of his support; "also the relations proved as existing between plaintiff and deceased at the time of his death, and the injury, if any, sustained by her in the loss of his society." The latter part of the instruction was objected to, but the supreme court sustained it. Nothing was claimed, however, for mental anguish of the plaintiff, and the court intimated that it would not be allowable. The court say: "We think that the social and domestic relations of the parties, their kindly demeanor toward each other, the society, were parts of 'all the circumstances of the case,' for the jury to take into consideration in estimating what damages would be just, from a pecuniary point of view, especially as there is nothing in the case to show that the jury were instructed that they might give damages by way of solace." We think, therefore, the case of

*Cleary* v. *Railroad Co., supra,* is not sustained by the other California cases cited to support it. The only other State in which it has been held that the mental suffering of the survivor may be taken into consideration in assessing damages in such cases is Virginia. *Matthews* v. *Warner,* 29 Grat. 570. The court in that case say: "The certificate of facts shows that Warner was shot and killed by Matthews under circumstances which, if not such as the law declares to be murder in the second degree, or, at the very least, voluntary manslaughter, certainly must be held to be a wrongful act." The stat-- ute in that State provides that "the jury in any such action may award such damages. as to it may seem fair and just," etc. The lower court was requested to instruct the jury that if they found for the plaintiff the meas- ure of damages would be the pecuniary loss sustained by the mother of plaintiff's intestate by reason of the death of her son, and that they must confine themselves to injuries of which a pecuniary estimate could be made in reference to a reasonable expectation of pecuniary bene- fit to his mother from the continuance of the life of the deceased, and that they could. not take into considera- tion the mental suffering occasioned by his death to his mother. The court refused to give the instruction, and a verdict being rendered against the defendant, he appealed, and the supreme court say the appeal presents for consideration "the important question, what is the true construction to be given to the statute respecting the measure of damages it prescribes,—whether the jury is confined in its estimate of the damages incurred by the death of the party to the pecuniary loss thereby sus- tained by the party for whose benefit suit is brought, or whether they are justified in giving punitive and exemplary damages?" The court held that the Virginia statute allowing the jury to "award such damages as to

it (the jury) may seem fair and just," manifested an intention by the legislature to allow the jury in such cases to award punitive and exemplary damages, and therefore they might take into consideration the mental suffering of those for whom the action was prosecuted, and that the lower court did not err in refusing to give the instruction asked.

But the decisions in California and Virginia in the cases of *Cleary* v. *Railroad Co.*, and *Matthews* v. *Warner* are in conflict with the rule almost uniformly laid down by the courts of England and the United States to the effect that only the pecuniary loss sustained can be compensated for, and that no compensation can be given for the mental anguish or suffering of the heirs or next of kin of the deceased. We cite only a few of the many authorities that might be cited on this point. 3 Suth. Dam. 281, 282, and cases; 2 Ror. R. R. 845, 861, 862, 1167, and cases; 3 Lawson, Rights, Rem. & Pr. 1729, and cases; 3 Wood, Ry. Law, 1536-1538, and cases; Whit. Smith, Neg. 434, and cases; Wood's Mayne, Dam. 74; *Railway Co.* v. *Levy*, (Tex.) 12 Amer. & Eng. R. Cas. 90; *Railroad Co.* v. *Hauer*, (Md.) Id. 154; *Lett* v. *Railway Co.*, (Ont.) 21 Amer. & Eng. R. Cas. 165; *Holmes* v. *Railway Co.*, (Or.) 6 Sawy. 262, 5 Fed. Rep. 75; *Donaldson* v. *Railroad Co.*, 18 Iowa, 280; *Railway Co.* v. *Miller*, 2 Colo. 442; Field. Dam. § 630. But the word "pecuniary" in this connection is not construed in any very strict sense, and the tendency is to still greater liberality, and to include every element of injury that may be deemed to have a pecuniary value, although this value may not be susceptible of positive proof, and can only be vaguely estimated. It may include the loss of nurture, of the intellectual, moral, and physical training which a mother only can give to children. *Tilley* v. *Railroad Co.*, 29 N. Y. 287. It may include the loss of

expected services of children who at the time of their death are too young to render any service, (*Ihl* v. *Railway Co.*, 47 N. Y. 317); or of children or persons under no legal or moral obligation to render service or support, if the circumstances shown render it probable it will be rendered, (*Railroad Co.* v. *Bayfield*, 37 Mich. 205; *Railroad Co.* v. *Barron*, 5 Wall. 90). It may include the loss of the society of a near relative (*Beeson* v. *Green Mountain, etc., Co.*, 57 Cal. 20), and may include damages for the loss of the father by children who are of full age living away from the home of the deceased and supporting themselves, (*Lockwood* v. *Railway Co.*, 98 N. Y. 523). The damages, the pecuniary injury, in cases under this statute, cannot be proved with even an approach to accuracy, and yet they are to be estimated and awarded, for the statute has so commanded, and the jury is to give such damages as may be just under all the circumstances.

Section 2962, Comp. Laws, provides that the action shall be by the personal representatives of the deceased, and the damages awarded shall not exceed $10,000. Section 3179 provides that the action may be by the personal representative or heirs of the deceased, and places no limit on the amount of the recovery, but the jury may give such damages as "under all the circumstances of the case may be just." This section by its terms adds no new element of damage not contained in the earlier statute, and we think none should be added by construction. The difficulty of proving or estimating the pecuniary loss to the heirs occasioned by the death of a human being is recognized by all the courts. But if the mental suffering of the heirs is to be taken into the account, and compensated for in money, the difficulty is infinitely increased. Upon what rule in computing damages can the sorrows of the heirs be estimated? If their number

should be great, and their grief poignant, the damages would be beyond computation. But even if the number of the heirs should be small, their mental anguish might be so intense that, in the estimation of a sympathetic jury, the damages given would be such as to bring bankruptcy to the wealthiest defendant. Affection and tears, even for a distant relative, would be given a cash valuation in the verdict, and which might be out of all proportion to the real value of the life of the deceased. In what manner shall the mental anguish, its intensity, or duration, or whether feigned or not, be determined. If the husband should be tyrannical, and abusive, or the wife a shrew, the death of either might not bring to the survivor such poignancy of grief that it could be assuaged only by a large verdict; it might in fact bring pleasure instead of sorrow, yet the mental anguish might be successfully assumed for the purposes of the trial, and the defendant have no means of exposing the hypocrisy of the pretended grief. If a son should be a drunkard, or indolent or vicious, the real mental anguish of the mother at his death might not be so great that she would refuse to be comforted without the solace of a sum of money. These are some of the difficulties courts and juries would have to encounter if the mental sufferings of surviving relatives should be held to be elements of damage. While the question is not free from difficulty, we are of the opinion that the court erred in admitting evidence of the mental suffering of the mother of the deceased, and in instructing the jury that they might take into consideration the mental pain and suffering caused the mother by the death of her son. We think the mental suffering of the heir, on account of the death of a deceased relative, too remote and sentimental to be a proper element of damage under the statute, and is

not necessary, as held in *Matthews* v. *Warner, supra,* to enable exemplary damages to be recovered, where malice, wantonness, or such gross negligence as amounts to willfulness, are shown, neither of which, however, are claimed to have been shown in this case. We find no other error in the record. Reversed.

HENDERSON, J., and BLACKBURN, J., concurred.