Julio Alonso Carbou-Rodríguez, Represented by his maternal Grandfather, Brígido Rodríguez, and by Attorney Ricardo Gómez, Plaintiff and Appellee, *v.* Miguel Mir, Defendant and Appellant.

No. 3786.   Argued March 17, 1926.—Decided May 23, 1927.

*Jaime Sifre, Jr., Horacio H. Franceschi* and *Enrique Igaravídez* for the appellant.   *Salvador Mestre* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the morning of October 22, 1923, while Inocencia Rodríguez was standing between two heaps of stones on the north side of the San Juan-Ponce road in Santurce, she was struck by the public motorbus "Experiencia" belonging to defendant Miguel Mir and died almost immediately as a result of the blow received.   Her natural son, the minor Julio Alonso Carbou, legally represented, brought the present action for damages, alleging that he was her only and universal heir and that the accident was solely due to the negligence of the chauffeur of the motorbus.   Judgment was rendered in his favor for two thousand dollars.

The trial court, in its opinion, expressed itself in part as follows:

"As a question of law only we wish to consider whether it is proper in cases like the present one to award other than material damages; in other words, whether or not there is any obligation to award damages for anguish or mental sufferings. No matter what our opinion might be on this particular point, we feel ourselves bound to respect and follow the opinion of our highest court in the case of *Maldonado* v. *Porto Rico Drug Co.*, 31 P.R.R. 709, where it is clearly decided that the anguish and mental sufferings must be taken into account in assessing damages in cases of this nature, and even that such suffering might be in itself ground for compensation. In the case cited no other damage was shown than the anguish and mental suffering of Ignacio Maldonado for the death of his son Luis Maldonado, and yet the Supreme Court held that such suffering could and should be compensated for, reversing the judgment of the trial court and rendering another giving a compensation to the father for the death of his son.

"Finally, we are of the opinion that the plaintiff has shown, in view of all the circumstances, that he has suffered damages for the death of his mother, Inocencia Rodríguez, in the sum of $2,000."

The defendant appealed and assigned seven errors.

The first two assignments refer to the cause of the accident. It is alleged by the appellant that the striking of Inocencia Rodríguez by the motorbus and her death had not been due to the negligence of the chauffeur, but to some unavoidable accident, and in any case to the contributory negligence of Inocencia Rodríguez.

We have weighed carefully the evidence and in our opinion it supports the conclusions of the trial court. Inocencia Rodríguez was standing with another person almost on the shoulder of the road which was then under construction and if the chauffeur of the defendant had driven the motorbus at the moderate speed required by the law and the circumstances, the accident would not have occurred. A small cart loaded with charcoal was standing on the south side of the road, two women on the north side and another motorbus was going at great speed in the opposite direction.

The third and fourth assignments of error raise a very important question and are set forth as follows: The trial

court erred in holding that as a result of the death of his mother the appellee suffered damages consisting in anguish and mental suffering, and in holding as applicable thereto the theory established by the Supreme Court in the case of *Maldonado* v. *Porto Rico Drug Co.*, 31 P.R.R. 709.

We know how the trial judge expressed himself. His consideration of the *Maldonado Case* is not exactly correct, because in that case were taken into consideration not only the anguish and mental suffering, but also other elements of damage, as it will soon be seen. The jurisprudence therein was summed up as follows:

"Loss of services is not a special damage that must necessarily be alleged. The amount of damages to which a father is entitled for the death of a minor child caused by the negligence of another is a sum which, considering all of the circumstances of the case, is fair and reasonable; and in determining the amount of damages consideration may be given not only to the loss of services of the child during his minority and to the expenses of medical assistance and burial, but also to the anguish and mental suffering of the parents."

And it was said in the opinion:

"Did the plaintiff prove the damages claimed? There is nothing in the evidence to show the amount of the expenses incurred by the father by reason of the illness and death of his child. No specific damage was proved. The only basis recognized by the jurisprudence as sufficient for the recovery of damages in cases of this kind is the death of the child.

"The law in Porto Rico on this matter is the same as that in force in California and the Supreme Court of that State has held as follows:

" 'The main element of damages is the probable value of the services of the deceased child until its majority, the jury are limited by the actual pecuniary injury to parent. The loss of services is not special damages necessary to be pleaded. A verdict for $20,000 was set aside as excessive; *Morgan* v. *Southern Pac. Co.*, 95 Cal. 510; 29 Am. St. Rep. 143. See, also, *Cleary* v. *City R.R. Co.*, 76 Cal. 240, as to damages which a father is entitled to recover for the negligent killing of his minor child.' Pomeroy's Cal. Code of Civil Procedure, p. 123.

"In the last case cited the court said:

" 'Under section 377 of the Code of Civil Procedure, the amount of damages which a father is entitled to recover for the negligent killing of his minor child is such sum as, under all the circumstances of the case, is just and reasonable; and in determining the amount of the recovery, the jury may properly consider, not only the loss of the child's services during minority, and the medical attendance and funeral expenses, but also the mental anguish and suffering of the parents.' *Cleary* v. *City R.R. Co.*, 76 Cal. 240.

"Considering the circumstances of the present case, the anguish and mental suffering of the parents must necessarily have been intense. As to the probable services of the boy, we only know that he was eight years of age, lacking thirteen years of attaining his majority. In Porto Rico, especially in very poor families, or families of limited means, it is not rare that a minor works and contributes the whole product of his labor to the general expenses of the home. Much depends upon the health and personality of the minor. We know nothing definite in this case, but it is necessary to assign some value to the services of the boy.

"Considering, therefore, the evidence as a whole, it seems that the amount of the indemnity may be reasonably fixed at $3,000."

In an additional brief submitted by the appellant it is contended and shown that the jurisprudence adopted by the Supreme Court of California in the cases cited in the *Maldonado Case, supra*, was abandoned in later decisions. For example, in the case of *Munro* v. *Dredging Co.*, 84 Cal. 515, the court said:

"The sorrow, grief and mental suffering of a mother or wife of the deceased are not included in the circumstances to be considered, under section 377 of the Code of Civil Procedure, and no damages can be allowed therefor, though the jury may take into consideration the loss of the comfort, society and protection of the deceased."

Later the appellant called the attention of the court to a case decided by the Circuit Court of Appeals for the First Circuit bearing on the construction of sections 60 and 61 of our Code of Civil Procedure. We refer to the case of

*American Railroad Co. of P. R.* v. *Santiago et al.,* 9 Federal (2nd) 753, and quote from the syllabi:

"Under Code Civil Proc. Porto Rico, sections 60, 61, in action for death of minor son, court should instruct that, in determining father's pecuniary loss, jury might consider probable duration of father's life, and pecuniary benefits he might reasonably be expected to receive from son during period of common life expectancy, including money, personal attention, care, protection, and assistance, but not pain and suffering of son, or grief of father, and that nothing should be awarded as vindictive damages."

And in the course of the opinion it was said:

"At a subsequent trial on the question of damages the jury should be instructed, among other things, that, in considering the pecuniary loss which the father has sustained, they may take into consideration the probable duration of life of the father, and of the son, the prospective pecuniary benefits which the father might reasonably be expected to receive from the son during the full period of the expectancy of life common to both, including therein not only money contributions, but also such benefits as the father might derive from the personal attention, care, protection, and assistance that the son might bestow upon the father, that in awarding damages the jury should not take into consideration or award anything for the pain and suffering of the son, nor for the sorrow or grief of the father because of the son's death; that nothing should be awarded in the way of vindictive damages; and that the sum awarded should be the present value of the prospective benefits of a pecuniary nature reasonably to be expected under all circumstances through the full period of the expectancy of life common to both the deceased and the father."

The question was fully discussed by the court in conference, taking besides into consideration the cases of *Am. R. R. Co. of Porto Rico* v. *Didricksen,* 227 U. S. 145, and *Mich. Cent. R. R.* v. *Vreeland,* 227 U. S. 59, decided by the Supreme Court of United States, where that high court construed a statute which originated, as did also the provisions of the Code of Civil Procedure of California corresponding to sections 60 and 61 of the Code of Civil Procedure of Porto Rico, in the so-called Lord Campbell's Act.

Nevertheless, taking into consideration the fact that the juridical conditions of Porto Rico were different, that sections 60 and 61 of the Code of Civil Procedure were not the original fountain for awarding damages, but sections 1803 and 1804 of the Civil Code, and that the Supreme and Circuit Courts had not as yet had an opportunity to pass on the matter in the light of the above considerations, we upheld the jurisprudence set up in the *Maldonado Case, supra.* The view of the court was thus established in the opinion rendered by Mr. Justice Wolf a few days ago in the case of *Orta* v. *P. R. Railway Light & Power Co., ante,* page 668.

If we apply this view we must conclude necessarily that the third and fourth assignments under consideration are without merit.

It was alleged in the complaint that the plaintiff "has lost by the death of his mother the only person from whom he was entitled to receive maintenance and protection and that her death has been a great misfortune and cause of suffering for the plaintiff who, having lost his father, finds himself now deprived of the love and protection of his mother, having suffered damages in the sum of ($10,000) ten thousand dollars which has not been paid to him in full or in part either by the defendant or by any other person representing it." The evidence showed that the minor plaintiff had lost his father, while living outside of Porto Rico with his paternal grandparents, and that his mother was a factory hand in The Colectiva. She was on her way to the factory when she received the blow that killed her. She did not send anything to her son. It seems that he was not in need of her. However, the mother existed and was bound to support her child. There is nothing absolutely stable in the life and material condition of families. The grandparents might become poor or die and in such case the mother would have become a safe refuge for the support of her child. The child was nine years of age, the mother was about thirty, and though her earnings could not have been

great, they were something and experience shows how much a mother can do when her child needs her. All of the above refers only to the loss of a contingent material help. The loss of the companionship and care which he might have received from his mother is evident. The sufferings of the child, though softened by an absence since childhood, must have necessarily existed.

The fifth assignment of error refers to the amount of damages.

Really, the circumstances of the present case are the weakest that can be imagined for a complainant child. Perhaps the compensation should have been smaller, but in the absence of a clear showing of abuse of discretion we are of the opinion that we must not modify it.

In the sixth assignment of error it is alleged that the complaint should have been dismissed because it is not therein alleged that the deceased mother was of age.

It appears from the record that the defendant, in his answer, alleged that the complaint did not show sufficient facts to constitute a cause of action, but such a demurrer was never separately argued or decided by the court.

The question is raised for the first time in this court. It could have been raised on demurrer; but if raised at the proper time the complaint could easily have been amended.

The case went to trial and the evidence showed that the mother was of age at the time of her death, which evidence was introduced without objection on the part of the defendant.

If the defendant had raised the question at the termination of the trial, the plaintiff might have applied for leave to amend his complaint to conform with the evidence and it would have been granted.

Under the circumstances the contention of the appellant has no support. Judicial arguments should be clear and consistent. Truth and justice must prevail, and surprises should be avoided.

Therefore, as regards the point mentioned, the exception must be considered as waived and the defect cured by the evidence.

There remains only to be considered the last alleged error. The appellant contends that the plaintiff not having shown that he was the sole heir and still less that he was the heir of Inocencia Rodríguez, the complaint should not have been sustained.

We have considered the evidence and it shows, in our judgment, that the plaintiff was the heir of Inocencia Rodríguez, though really it does not show that he was the sole heir, albeit everything leads to the belief that he was.

Section 61 of the Code of Civil Procedure and the jurisprudence provide that the action should be brought jointly by all the heirs or by only one in behalf of all.

Therefore we find ourselves bound to reverse the judgment appealed from for the sole purpose of determining whether or not the plaintiff is the only heir, and the trial court must render a new judgment in accordance with the result of the evidence submitted to that end, all in conformity with the principles established in this opinion.