El menor Julio Alfonso Carbou Rodríguez, asistido y representado por su abuelo materno Brígido Rodríguez y por su defensor Ricardo Gómez, demandante y apelado, *v.* Miguel Mir, demandado y apelante.

No. 3786.—*Visto:* Marzo 17, 1926. *Resuelto:* Mayo 23, 1927.

1. Patrono y Empleado—Responsabilidades por Daños a Terceras Personas—Actos u Omisiones del Empleado—Negligencia del Empleado.—Cuando un *chauffeur* no conduce una guagua de servicio público a la velocidad moderada que de consuno exigen la ley y las circunstancias concurrentes, es negligente y hace al dueño de la guagua responsable de los perjuicios que cause.

2. Muerte—Acción por Muerte Causada—Derecho de Acción y Defensas—Ley que Rige.—La fuente original en Puerto Rico de la concesión de daños por muerte causada por un acto ilegal, se encuentra en los artículos 1803 y 1804 del Código Civil.

3. Muerte—Acción por Muerte Causada—Daños, Confiscaciones o Multas—Elementos de Daños—Sufrimiento Mental o Moral—Muerte Ilegal de un Hijo Menor.—El sufrimiento moral causado a los padres de un niño muerto a causa de un acto ilícito puede considerarse como un elemento para fijar la indemnización.

4. Apelación y Error—Cuestiones de Hecho, Veredictos y Conclusiones—Conclusiones de la Corte Inferior—Importe a Recobrar—Cuantía de la Indemnización.—Aún cuando una indemnización pudiera ser menor que la concedida, en ausencia de un claro abuso de discreción, el Supremo no alterará la cuantía fijada por la corte de distrito.

5. Alegaciones—Defectos y Objeciones—Renuncia *(Waiver)* y Subsanación por Veredicto o Sentencia—Defectos u Omisiones Curadas por la Contestación o las Pruebas—Insuficiencia de la Demanda.—Cuando se suscita por vez primera en apelación una cuestión que pudo levantarse dentro de una alegada excepción de falta de hechos que nunca se discutió ni resolvió en la corte inferior y la prueba no objetada demuestra la existencia del hecho omitido en la demanda y a que se refiere tal cuestión; la excepción, en cuanto a dicho extremo omitido, debe considerarse abandonada y el defecto subsanado por la prueba.

6. Muerte—Acción por Muerte Causada—Juicio, Sentencia y Revisión—Apelación—Resolución y Disposición del Caso—Revocación—Devolución del Caso para Determinar Una Cuestión.—En acción por muerte, cuando la prueba demuestra que el demandante es heredero pero no el único y concurren las circunstancias de un caso como éste, procede revocar la sentencia y devolver los autos para que se determine la cuestión, y de acuerdo con la prueba presentada con tal fin, se dicte nueva sentencia en el mismo.

Sentencia de *Charles E. Foote,* J. (San Juan, primer distrito), declarando con lugar demanda de daños y perjuicios, con costas. *Revocada.*

*Jaime Sifre Jr., Horacio H. Franceschi y Enrique Igaravídez,* abogados del apelante; *Salvador Mestre,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la mañana del 22 de octubre de 1923, hallándose Inocencia Rodríguez parada entre dos montones de piedra al lado Norte de la carretera Central, en Santurce, fué golpeada por la guagua de servicio público "Experiencia," propiedad del demandado Miguel Mir, y murió a consecuencia de los golpes casi inmediatamente. Su hijo natural, el menor Julio Alfonso Carbou, asistido y representado de acuerdo con la ley, alegando ser su heredero único y universal y que el accidente se debió exclusivamente a la negligencia del *chauffeur* de la guagua, entabló este pleito en reclamación de daños y perjuicios y obtuvo sentencia a su favor por dos mil dólares.

En su opinión la corte sentenciadora se expresó, en parte, como sigue:

"Como cuestión de derecho solamente deseamos discutir si es procedente conceder en estos casos otra indemnización que no sea la de daños materiales: en otras palabras, si existe obligación de indemnizar daños o sufrimientos morales. Cualquiera que sea nuestro criterio sobre este particular nos sentimos obligados a respetar y seguir la opinión de nuestro más alto tribunal en el caso de Maldonado vs. Porto Rico Drug Co., 31 D.P.R. 747, donde claramente se resuelve que los sufrimientos causados pueden y deben ser tenidos en cuenta, al calcular una indemnización en casos de esta naturaleza, y aún más, que ellos pueden ser por sí solos materia indemnizable. En el caso citado no se probó ningún otro daño que no fuera el sufrimiento moral de Ignacio Maldonado por la muerte de su hijo Luis Maldonado, y sin embargo, la Corte Suprema sostuvo que ese sufrimiento podía y debía ser indemnizado, revocando la sentencia de la corte inferior y dictando otra en la que se concedía una indemnización al padre por la muerte de su hijo.

"Finalmente, consideramos que el demandante ha probado, atendidas todas las circunstancias, que ha sufrido daños y perjuicios con la muerte de su madre Inocencia Rodríguez por valor de $2,000."

No conforme el demandado apeló señalando en su alegato la comisión de siete errores.

[1] Los dos primeros se refieren a la causa del accidente. Sostiene el apelante que el choque de su guagua con Inocencia Rodríguez y la muerte de ésta, no se debieron a la negligencia de su empleado el *chauffeur* sino a algo inevitable y en todo caso a la negligencia contributoria de la Sra. Rodríguez.

Hemos examinado cuidadosamente la prueba y a nuestro juicio sostiene las conclusiones de hecho de la corte sentenciadora. Inocencia Rodríguez estaba parada con otra persona casi a la orilla de la carretera que entonces se estaba reconstruyendo y si el *chauffeur* del demandado hubiera llevado su guagua a la velocidad moderada que de consuno exigían la ley y las circunstancias concurrentes, a saber: un carrito de carbón parado al lado Sur de la carretera, dos mujeres al lado Norte y otra guagua que caminaba a gran velocidad en sentido contrario, el accidente hubiera sido por él fácilmente evitado.

[2, 3] Los errores tercero y cuarto levantan una cuestión de verdadera trascendencia. Se formulan así: La corte inferior erró al sostener que como resultado de la muerte de su madre natural, el demandante-apelado sufrió daños consistentes en sufrimientos morales y al considerar aplicable la teoría sentada por esta Corte Suprema en el caso de *Maldonado* v. *The Porto Rico Drug Co.*, 31 D.P.R. 747.

Conocemos la forma en que se expresó el juez sentenciador. Su apreciación del caso de Maldonado no es del todo exacta pues en dicho caso se tomaron en consideración además de la angustia y el sufrimiento moral, otros elementos de daños, como se verá en seguida. En él la jurisprudencia se resumió así:

"La pérdida de servicios no constituye un daño especial que sea necesario alegar. El montante de la indemnización a que un padre tiene derecho por la muerte de su hijo menor causada por la negligencia de otro, es aquella suma que, considerando todas las circunstancias del caso, es justa y razonable; y al determinar el importe de la indemnización puede tenerse en cuenta no sólo la pér-

dida de los servicios del niño durante su menor edad y los gastos de asistencia médica y de entierro, sino también la angustia y sufrimiento moral de los padres.''

Y en el curso de la opinión se dijo:

''¿Probó la parte demandante los daños y perjuicios reclamados? No existe en toda la evidencia dato alguno que demuestre a cuánto ascendieron los gastos del padre con motivo de la enfermedad y muerte de su hijo. Ningún daño concreto fué probado. Sólo hay una base: la muerte misma del niño, que ha sido reconocida por la jurisprudencia como suficiente para la concesión de daños y perjuicios en casos de esta naturaleza.

''La ley en Puerto Rico sobre la materia es igual a la que rige en California y la Corte Suprema de dicho estado ha resuelto que: 'El elemento principal de los daños es el valor que probablemente hubieran tenido los servicios del niño muerto hasta llegar a su mayor edad; el jurado está limitado al daño pecuniario efectivo causado al padre. La pérdida de servicios no constituye un daño especial que sea necesario alegar. Un veredicto por $20,000 fué anulado por ser excesivo: Morgan v. Southern Pac. Co., 95 Cal. 510; 29 Am. St. Rep. 143. Véase también el caso de Cleary v. City R. R. Co., 76 Cal. 240, en cuanto a la indemnización a que un padre tiene derecho por la muerte de su hijo menor causada por la negligencia de otro.' Pomeroy's Cal. Code of Civil Procedure, p. 123.

''En el último de los casos citados, la corte dice:

'' 'Bajo el artículo 377 del Código de Enjuiciamiento Civil, el montante de la indemnización a que un padre tiene derecho por la muerte de su hijo menor causada por la negligencia de otro, es aquella suma que, considerando todas las circunstancias del caso, es justa y razonable; y al determinar el importe de la indemnización el jurado puede correctamente tener en cuenta no sólo la pérdida de los servicios del niño durante su menor edad y los gastos de asistencia médica y de entierro, sino también la angustia y sufrimiento moral de los padres.' Cleary v. City R. R. Co., 76 Cal. 240.

''Dadas las circunstancias concurrentes en este caso, la angustia, el sufrimiento moral de los padres tuvo que ser necesariamente intenso. En cuanto a los servicios probables del hijo, sólo conocemos que tenía ocho años faltándole trece para llegar a la mayor edad. En Puerto Rico, sobre todo entre las familias enteramente pobres o de pocos bienes de fortuna, no es raro el caso en que un menor de edad trabaja y aporta por completo el producto de su trabajo a

gastos generales del hogar. Mucho depende de la condición de salud, de la personalidad del menor. Nada concreto conocemos aquí, pero algún valor será siempre necesario dar a los servicios del hijo.

"Atendido, pues, el resultado de la prueba, nos parece que la cuantía de la indemnización puede razonablemente fijarse en tres mil dólares."

En un alegato adicional presentado por la parte apelante se sostiene y se demuestra que el criterio adoptado por la Corte Suprema de California en los casos citados en la decisión de Maldonado, *supra,* fué abandonado en posteriores decisiones. Por ejemplo, en el de *Munro* v. *Dredging Co.,* 84 Cal. 515, la corte se expresó así:

"El dolor, la pena y el sufrimiento moral de la madre o esposa del finado no están incluídos en las circunstancias a considerarse, de acuerdo con la sección 377 del Código de Enjuiciamiento Civil, y no se puede conceder indemnización por los mismos, aunque el jurado puede tomar en consideración la pérdida de las comodidades, compañía y protección del interfecto."

Y posteriormente la dicha parte apelante llamó la atención de la corte hacia un caso decidido por la Corte de Circuito de Apelaciones del Primer Circuito, en el cual estaba envuelta la interpretación de los artículos 60 y 61 de nuestro Código de Enjuiciamiento Civil. Nos referimos al caso de *The American Railroad Co. of P. R.* v. *Santiago et al.,* 9 F. (2d) 753. La jurisprudencia establecida se resumió así:

"Bajo los artículos 60 y 61 del Código de Enjuiciamiento Civil de Puerto Rico, en una acción por la muerte de un hijo menor la corte debe instruir al jurado que al determinar la pérdida pecuniaria del padre puede considerar la probable duración de la vida de éste y los beneficios pecuniarios que pudiera razonablemente esperarse él habría de recibir del hijo durante el período de expectación de vida común a ambos, incluyendo dinero, atención personal, cuidados, protección y ayuda, pero no así los dolores y sufrimientos del hijo ni la pesadumbre del padre, y que ninguna suma debe concederse por concepto de daños punitivos."

Y en el curso de la opinión se dijo:

"En un juicio subsiguiente sobre la cuestión de daños debe instruirse al jurado. entre otras cosas, que, al considerar la pérdida pecuniaria sufrida por el padre, puede tomar en consideración la probable duración de la vida de éste y del hijo, los futuros beneficios pecuniarios que pudiera razonablemente esperarse que el padre habría de recibir del hijo durante todo el período de expectación de vida común a ambos, incluyendo entre tales pérdidas no sólo las contribuciones en dinero sino también aquellos beneficios que el padre pudiera derivar de la atención personal, cuidados, protección y ayuda que el hijo pudiera prestar al padre; que al conceder daños el jurado no debe tomar en consideración ni conceder suma alguna por los dolores y sufrimientos del hijo ni la pesadumbre o pena del padre por la muerte del hijo; que ninguna suma debe concederse por concepto de daños punitivos; y que la suma a conceder debe ser el valor actual de los beneficios futuros de carácter pecuniario que razonablemente puedan esperarse, dadas todas las circunstancias, durante todo el período de expectación de vida común al interfecto y al padre."

La cuestión fué ampliamente discutida en el seno del tribunal tomándose en consideración además los casos de *Am. R. R. Co. of Porto Rico* v. *Didricksen,* 227 U. S. 145, y *Mich. Cent. R. R.* v. *Vreeland,* 227 U. S. 59, decididos por la Corte Suprema de los Estados Unidos, y en los cuales se interpretó por dicho alto tribunal un estatuto que tenía por origen, al igual que los preceptos del Código de Enjuiciamiento Civil de California correspondientes a los artículos 60 y 61 del Código de Enjuiciamiento Civil de Puerto Rico, la llamada Ley de Lord Cambell.

Eso no obstante, estimándose que la situación jurídica en Puerto Rico era distinta, que los artículos 60 y 61 del Código de Enjuiciamiento Civil no eran la fuente original de la concesión de daños, sino los artículos 1803 y 1804 del Código Civil y que las Cortes Suprema y de Circuito no habían tenido aún la oportunidad de resolver el problema a la luz de todas esas consideraciones, se sostuvo la jurisprudencia establecida en el caso de Maldonado, *supra.* El

criterio de la corte quedó así fijado en la opinión emitida por el Juez Asociado Sr. Wolf hace unos días en el caso de *Orta* v. *P. R. Railway, Light & Power Co.,* 36 D.P.R. 743.

Aplicando ese criterio es necesario concluir que no se cometieron los errores tercero y cuarto que estudiamos.

En la demanda se alegó que el demandante "con la muerte de su madre ha perdido la única persona de quien tenía derecho a recibir alimentación y protección y que la muerte de su citada madre acarrea al demandante una gran desgracia y un gran sufrimiento, pues que, huérfano como era de padre se encuentra hoy también privado del cariño y de la protección de su madre, habiendo sufrido daños y perjuicios por la suma de diez mil dollars ($10,000), los cuales no le han sido pagados en todo ni en parte, ni por el demandado ni por ninguna otra persona a nombre de él." Y la prueba demostró que el menor demandante era huérfano de padre, viviendo fuera de Puerto Rico con sus abuelos paternos, y que la madre era una obrera que trabajaba en La Colectiva. A su trabajo iba cuando recibió el golpe que le ocasionó la muerte. Nada enviaba a su hijo. Nada al parecer necesitaba éste de ella. Sin embargo, la madre existía y estaba obligada al sostenimiento de su hijo. Nada hay absolutamente estable en la vida y situación material de las familias. Los abuelos podrían venir a menos y morir y en tal caso hubiera sido la madre el seguro refugio y sostén del hijo. El hijo estaba en la menor edad—9 años—la madre tenía alrededor de treinta y aunque sus ganancias necesariamente debieron ser pocas, ganancias eran y la experiencia demuestra hasta dónde puede llegar una madre cuando un hijo necesita. Esto, hablando sólo de la pérdida de una probable ayuda material. La pérdida de la compañía y cuidado que hubiera podido prestarle en su caso la madre es evidente. Y los sufrimientos del hijo, aunque atenuados por la ausencia desde tan temprana edad, tuvieron necesariamente que existir.

[4] El quinto error se refiere a la cuantía de los daños.

La verdad es que las, circunstancias que concurren en este caso son de las menos fuertes que puedan imaginarse para un hijo demandante. Quizá la indemnización debió ser menor, pero en ausencia de un claro abuso de discreción, opinamos que no debemos alterarla.

[5] Por el sexto error se sostiene que la demanda debió desestimarse de plano porque no se alega en ella que la madre muerta fuera mayor de edad.

Consta de los autos que el demandado al contestar alegó por vía de excepción previa que la demanda no aducía hechos suficientes para determinar una causa de acción, pero, tal excepción jamás fué discutida separadamente ni resuelta aisladamente por la corte.

La cuestión se suscita por vez primera ante esta Corte Suprema. Cabía levantarla dentro de la excepción. Pero si se hubiera levantado a su debido tiempo, la demanda pudo ser fácilmente enmendada.

Fué el pleito a juicio y la prueba demostró que la madre era mayor de edad al tiempo de su muerte y esa prueba se presentó sin objeción alguna por parte del demandado.

Si el demandado al final del juicio hubiera levantado la cuestión, el demandante hubiera pedido permiso para enmendar su demanda conformándola con la prueba y lo hubiera obtenido.

Bajo esas circunstancias carece de mérito alguno la contención del apelante. Los debates judiciales deben ser claros y consistentes. La verdad y la justicia deben prevalecer. Y las sorpresas evitarse.

La excepción debe, pues, en lo que al extremo indicado se refiere, considerarse abandonada y el defecto subsanado por la prueba.

[6] Resta sólo considerar el último de los errores alegados. Sostiene el apelante que no habiendo probado el demandante que fuera heredero único, ni siquiera que fuera

heredero de Inocencia Rodríguez, la demanda no pudo ser como fué declarada con lugar.

Hemos examinado la prueba y a nuestro juicio demuestra que el demandante era heredero de Inocencia Rodríguez, pero no demuestra en verdad que fuera el único heredero, aunque todo induce a creer que lo era.

La ley—artículo 61 del Código de Enjuiciamiento Civil —y la jurisprudencia establecen que la acción debe entablarse por todos los herederos conjuntamente o por uno solo a beneficio de todos.

En tal virtud nos vemos obligados a *revocar la sentencia apelada* con el solo objeto de determinar si el demandante es o no el único heredero, debiendo la corte inferior dictar nueva sentencia de acuerdo con el resultado de la prueba que se le presente con tal fin, todo sujeto a los principios establecidos en esta opinión.