SUCN. BACHIER, DEMANDANTE Y APELANTE, *v.* COMISIÓN DE INDEMNIZACIONES A OBREROS, DEMANDADA Y APELADA.

No. 3433.—*Visto:* Febrero 4, 1925. *Resuelto:* Febrero 26, 1925.

INDEMNIZACIONES A OBREROS—CONTINUACIÓN DE LA ACCIÓN DEL OBRERO POR SUS HEREDEROS—ACCIÓN PERSONAL—SUBSTITUCIÓN DE PARTES.—Siendo independientes la acción que tiene el obrero por lesiones recibidas y la que tienen sus herederos por su fallecimiento bajo el artículo 3 de la Ley de Indemnizaciones a Obreros, según fué enmendado por la Ley No. 61 de 1921, no cabe substituir a los herederos en el lugar de su causante en una acción establecida por éste y que se extinguió con su muerte.

SENTENCIA de *G. Castejón, J.* (Guayama), desestimando la demanda, sin costas. *Confirmada.*

*M. A. Martínez Dávila,* abogado de la apelante; *Hon. Attorney General* y *Sres. J. J. Acosta* y *C. Llauger,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Jesús Bachier solicitó de la Comisión de Indemnizaciones a Obreros que se le indemnizara a causa de cierto accidente que sufriera mientras trabajaba en su carácter de obrero mecánico en la Central Lafayette de Sucs. de C. & J. Fantauzzi. La solicitud fué denegada bajo el fundamento de que las lesiones sufridas por el peticionario no provenían del trabajo que el mismo realizaba. No conforme, estable-

ció apelación para ante la Corte de Distrito de Guayama, pero durante la tramitación del recurso falleció el demandante y a petición de sus herederos fueron éstos sustituídos por la persona de su causante para continuar el procedimiento.

El caso fué visto en sus méritos pero la corte inferior, por su propia moción, desestimó la apelación declarando que el derecho del peticionario Jesús Bachier quedó extinguido con su muerte sin que fuera dable a sus herederos y sucesores el revivir tal derecho a virtud de una sustitución de partes.

El artículo 3 de·la Ley de Indemnizaciones a Obreros, tal como quedó enmendado por la ley No. 61, aprobada en julio 14 de 1921 (p. 475), prescribe en los párrafos 1, 2, 3 y 4 el derecho de todo obrero que resulte lesionado a recibir cierta compensación según el **carácter transitorio** de la lesión o la incapacidad parcial o total para el trabajo y por el párrafo 5 se dispone que si el obrero perdiere la vida como resultado de las lesiones sufridas y ocurriere la muerte dentro de un año después del accidente, las personas o beneficiarios que enumera y quienes dependieran de modo razonable de lo que ganaba el obrero fallecido, tendrán derecho a la compensación que se determina en dicha ley.

Primeramente el propósito de la ley fué proveer los medios de subsistencia al obrero que recibe lesiones en sustitución de los salarios que deja de percibir durante su incapacidad, ya temporal o permanente, como resultado de tales lesiones. Esta es una acción personal que corresponde al obrero y cesa con su muerte. En relación con este derecho del obrero las autoridades discuten si lo que percibe el obrero durante su vida debe colacionarse al montante de la compensación que obtenga el beneficiario o dependientes a consecuencia de su muerte o si el obrero puede transar en vida de modo que sus beneficiarios queden impedidos de ejercitar su acción por su subsecuente fallecimiento. Las autoridades parecen unánimes en sentido que el obrero no puede

transigir sobre el derecho futuro de sus beneficiarios por razón de su muerte, pero si bien estas cuestiones no tenemos que considerarlas en este recurso, todo demuestra y así se desprende claramente del artículo 3 y párrafos citados, que la ley establece dos acciones separadas e independientes sin interés recíproco entre las partes realmente interesadas, no surgiendo, por tanto, el derecho de los beneficiarios hasta el momento de la muerte del obrero y limitada la acción por nuestro estatuto, si tal evento ocurre, dentro del año después del accidente.

La ley de Massachusetts es bastante semejante a nuestro estatuto y la Corte Suprema de dicho estado, refiriéndose al punto suscitado en este caso, dice:

"Somos de opinión, sin embargo, que el derecho a una orden para pago en el futuro de esta compensación especial termina con la muerte de la persona lesionada. Es un derecho peculiar a dicha persona y no creado para beneficio de los que dependen de él. Es parte del sistema de compensación especial provisto en las secciones 9, 10 y 11 de la segunda parte de la ley. Por la sección 9 se dispuso una compensación especial por un período de incapacidad total para el trabajo; por la sección 10 se fijó la compensación por un período de incapacidad parcial; por la sección 11, tal como fué enmendada por la ley de 1913, se concede compensación adicional por la pérdida o incapacidad total o parcial de ciertas partes del cuerpo. Todas estas disposiciones parecen haberse establecido para la compensación personal del empleado lesionado, proveyéndose para los que de él dependen la compensación que se da por su fallecimiento. La compensación especial toma el lugar de los salarios que de no haber ocurrido la lesión el empleado hubiera ganado. Como indica la Junta de Accidentes Industriales en su resolución, nada hay en el texto de la ley que autorice que se ordenen los pagos especiales durante un tiempo después de la muerte del empleado, ni su fraseología ni su fin aparente requieren tal interpretación. Si esto no fuera así, las sumas que habrían de ser pagadas a los que dependen de él se aumentarían proporcionalmente a la rapidez con que su muerte ocurriera después de haber comenzado la incapacidad, a pesar de que el objeto evidente de estos pagos era resarcir las pérdidas por su incapacidad para ganar dinero. En nuestra

opinión la decisión sosteniendo que esta compensación específica sólo debe concederse mientras vive' el empleado lesionado, fué correcta." In re Burns (218 Mass. 8), 105 N.E. 601.

La corte inferior actuó por consiguiente correctamente desestimando la demanda *y su sentencia debe ser confirmada.*