Luis Guadalupe Pérez, Administrador Judicial del caudal hereditario de Vicente Irizarri Lugo, demandante y apelante, v. Bartolomé Zeda, demandado y apelado.

No. 3865.—*Visto:* abril 6, 1926. *Resuelto:* Abril 20, 1926.

1. Albaceas y Administradores—Acciones—Acción a Nombre de los Herederos—Capacidad Legal para Iniciar la Acción — Administrador Judicial. — Alegándose en una demanda—en acción reivindicatoria establecida por un administrador judicial a nombre de ciertos herederos—que se hizo la declaración de herederos, la falta de capacidad legal del administrador para iniciar la acción a nombre de los herederos es manifiesta.

2. Albaceas y Administradores—Cobro y Administración de la Propiedad—En General—Continuación de la Personalidad del Causante—Período a que se Limita.—En los abintestatos la continuación de la personalidad del causante por el administrador que se nombre está limitada únicamente al período que media desde el fallecimiento hasta la declaración de heredero; después de esto, su facultad se limita a actos de mera administración o a los que sean necesarios para llenar los deberes de su cargo.

Sentencia de *Enrique Lloreda,* J. (Arecibo), desestimando la demanda, con costas. *Confirmada.*

*Luis Mercader,* abogado del apelante; *G. Zeno Sama,* abogado del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Esta es una acción sobre reivindicación y reclamación de frutos establecida por un administrador judicial a nombre de ciertos herederos. En la demanda se alega que Vicente Irizarri falleció abintestato en Utuado el 28 de marzo de 1901; que se hizo la declaratoria de herederos a favor de sus hijos que se designan en la demanda; que en octubre 8, 1919, se le nombró al demandante administrador judicial del caudal de la herencia y que el demandado desde hace unos ocho años se apropió de una porción de terreno con una cabida de 11 hectáreas, perteneciente a la herencia, y cuyo terreno posee y disfruta actualmente dicho demandado.

El demandado excepcionó la demanda, alegando que el demandante carecía de capacidad legal para demandar, porque "su facultad está limitada tan sólo a actos de administración, sin que pueda en modo alguno asumir la represen-

tación de los herederos de dicho causante para establecer una acción que sólo a aquéllos compete.''

La corte inferior aceptando el motivo alegado, sostuvo la excepción y desestimó la demanda concediendo un plazo de 10 días para enmendar. El demandante resistió a esta resolución y pidió que se dictara sentencia y la corte así lo hizo declarando sin lugar la demanda con costas.

El apelante invoca para sostener el recurso, el artículo 51 de la Ley de Procedimientos Legales Especiales, que dice:

''Será deber de los administradores y mientras éstos se nombren, de los albaceas, representar al finado en todos los procedimientos comenzados por o contra el mismo antes de su muerte, y los que se promovieran después por o contra el caudal de la herencia. Las acciones o procedimientos instituídos por o contra el finado se suspenderán a su muerte ínterin se haga cargo el albacea o se nombre un administrador y el albacea o administrador quedará subrogado como parte en la acción.''

Por una ficción de la ley el administrador es la continuación jurídica de la persona del difunto y de ahí es la autoridad de aquél para representarle en todos los pleitos que se promuevan contra la herencia o de ejercitar las acciones que procedan en pro de la misma. Pero esta continuación de la persona del causante está limitada únicamente al período que media desde el fallecimiento hasta la declaración de herederos. Después de esto el papel del administrador se contrae, como en los juicios de testamentaría, a los actos de mera administración y a los que sean indispensables para llenar los deberes de su cargo.

Manresa en sus comentarios a la Ley de Enjuiciamiento Civil de donde se origina la ley de procedimientos legales especiales, hace un estudio comparativo de las facultades de un administrador judicial en los juicios de abintestato y testamentarios, y dice lo siguiente:

''Como en los abintestatos nadie tiene personalidad para representar a la herencia hasta que se hace la declaración de herederos por auto o sentencia firme, preciso era que determinase la ley quién

había de tener mientras tanto esa representación para el ejercicio de los derechos activos y pasivos del caudal hereditario, y así se hizo por el citado art. 1008, confiriéndola al administrador de los bienes. No concurre aquella circunstancia en las testamentarías, puesto que consta desde luego quiénes son los herederos, y es justo y procedente darles intervención en todo lo que es de su interés, limitando la del administrador a los actos de mera administración y a lo que sea indispensable para llenar los deberes de su cargo. Por esto se declara en el art. 1097 que no es aplicable a las testamentarías el 1008 antes citado, que determina las atribuciones del administrador en los abintestatos, y en su lugar se establece lo que ordena el 1098, el cual previene que 'el administrador de la testamentaría sólo tendrá la representación de la misma en lo que se relacione directamente con la administración del caudal, su custodia y conservación y en tal concepto podrá y deberá gestionar lo conducente para ello, ejercitando las acciones que procedan.' '' Manresa, Ley de Enjuiciamiento Civil, tomo 4, pág. 496.

En la demanda se alega que fallecido Vicente Irizarry se hizo la declaración de herederos en favor de sus hijos y aparece claro la falta de capacidad legal del administrador para iniciar esta acción, siendo inútil, además, que la corte inferior concediera · el permiso para enmendar por no ser enmendable la demanda.

*Debe confirmarse la sentencia apelada.*