José Damián Domínguez y del Moral, menor de edad, representado por su padre José A. Domínguez, demandante y apelante, *v.* La Sucesión de Dolores Nadal Vda. de Gálvez, demandada y apelada.

No. 4183.—*Visto:* Mayo 26, 1927. *Resuelto:* Junio 13, 1928.

*Pascasio Fajardo Martínez,* abogado del apelante; *Angel A. Vázquez,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante demandó en cobro de pesos a Angel Rodríguez Barzana en su carácter de albacea de los bienes dejados por Dolores Nadal viuda de Gálvez a su fallecimiento, alegando que en el testamento otorgado por dicha señora nombró albacea, contador y partidor al demandado y le confirió plenos poderes para que en general y omnímodamente representase a su testamentaría judicial y extrajudicialmente: que la Corte de Distrito de Mayagüez expidió carta testamentaria como albacea, contador y partidor de dichos bienes a favor del demandado, quien aceptó el cargo y lo está desempeñando:

que en virtud de ese testamento la sucesión de la expresada señora está compuesta por las personas que en la demanda se especifican: que la sucesión es en deber la cantidad que se reclama, por el concepto que se dice; y que esa sucesión debe ser condenada al pago y en su representación el albacea demandado.

El demandado alegó la excepción previa de que la demanda no aducía hechos determinantes de causa de acción contra él, que fué declarada con lugar por la corte, la que dictó sentencia desestimando la demanda.

En el caso de *Pérez, Administrador, contra Zeda,* 35 D.P. R. 329, el administrador judicial de los bienes de una sucesión entabló demanda de reivindicación de bienes de la herencia después de haber sido hecha la declaratoria judicial de herederos y este Tribunal Supremo declaró que dicho administrador judicial no tenía capacidad legal para iniciar esa acción en nombre de los herederos porque la ficción legal de ser el administrador judicial la continuación jurídica de la persona del difunto está' limitada únicamente al período que media desde el fallecimiento hasta la declaración de herederos, pues después de esto su papel se contrae, como en las testamentarías a los actos de mera administración y a los que sean indispensables para llenar los deberes de su cargo; y se citaron palabras del Sr. Manresa en sus Comentarios a la Ley de Enjuiciamiento Civil según las cuales como en los abintestatos nadie tiene personalidad jurídica para representar a la herencia, la ley se la confirió al administrador judicial, pero que no concurriendo tal circunstancia en la testamentaría puesto que consta desde luego quiénes son los herederos es justo y procedente dar a éstos intervención en todo lo que es de su interés, limitando la del administrador a los actos de mera administración y a lo que sea indispensable para ella, y que así lo ha dispuesto la ley. En otra obra del Sr. Manresa sobre Comentarios al Código Civil, tomo 6, página 761, se cita la sentencia del Tribunal Supremo de

España de 28 de abril de 1897 según la cual demandado un albacea para pago de cierto crédito contra la testamentaría, propuso la excepción de falta de personalidad, que fué estimada y sostenida por dicho tribunal porque el albacea, ni como tal albacea ni como contador tiene la facultad ni el deber de representar en juicio a la herencia.

Habiendo, pues, herederos nombrados en testamento en este caso, el albacea demandado carece de personalidad para representar a la herencia en este pleito, ya que ella está representada por los mismos herederos, por lo que la demanda no aduce causa de acción en cuanto a él, a pesar de alegarse que le fueron concedidas facultades omnímodas para representar a la sucesión judicial y extrajudicialmente, entre cuyas facultades no puede nunca comprenderse una que limite a los herederos el derecho que les otorga la ley. La demanda no es enmendable.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.