CONSUELO PÉREZ, demandante y apelante, *v.* SUCESORES DE MANUEL PÉREZ & Co., demandada y apelada.

No. 5010.—*Sometido:* Marzo 13, 1930. *Resuelto:* Febrero 17, 1931.

* NOTA: Véase el prefacio.

*Juan B. Soto* y *C. M. Pesquera,* abogados de la apelante; *Salvador Suau,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La cuestión envuelta en este caso es si un administrador judicial puede instar acción por los daños y perjuicios que se alega surgieron con motivo de la negligencia que ocasionó la muerte *ab intestato* de una persona. La corte inferior resolvió que no podía. La apelante se funda principalmente en el artículo 61 del Código de Enjuiciamiento Civil, que lee como sigue:

"Cuando la muerte de una persona mayor de edad fuere causada por el acto ilegal o negligencia de otra, sus herederos o representantes personales podrán entablar demanda por daños y perjuicios contra la persona causante de la muerte; y si dicha persona estuviere empleada por otra, responsable de su conducta, podrán también entablarla contra ésta. En toda demanda con arreglo a este artículo y al precedente, se regulará el importe de los daños y perjuicios que fueren justos vistas todas las circunstancias del caso."

Ya hemos resuelto en varios casos—*Carbou Rodríguez* v. *Mir,* 36 D.P.R. 809 y *Orta* v. *P. R. Ry. Light & P. Co.,* 36 D.P.R. 743—que la verdadera fuente de una acción de daños y perjuicios en Puerto Rico son los artículos 1803 *et seq.* del Código Civil.

Hasta cierto punto, el artículo 61 ha sido copiado en nuestro Código de Enjuiciamiento Civil sin que haya mucha necesidad de él. En los Estados Unidos, donde regía el derecho común, prevalecía el principio de *actio personalis moritur cum persona.* Así, estatutos como el artículo 61 que generalmente emanaban de la Ley de Lord Campbell, fueron aprobados. Hemos resuelto que en Puerto Rico el principio

854

arriba enunciado no es aplicable. *P. R. Ry. L. & P. Co.* v. *Corte de Distrito,* 38 D.P.R. 340.

Sin embargo, si tomamos literalmente las palabras del artículo 61, en Puerto Rico los representantes personales de un finado son sus herederos. En Estados Unidos la palabra "heredero" es por lo general aplicable solamente a aquéllos que reciben los inmuebles. Allí los administradores y albaceas representan ampliamente al finado, no sólo para el ajuste de sus deudas y asuntos similares, sino también para el cobro y distribución de los bienes muebles pertenecientes a él. En Puerto Rico, el principio de sucesión universal, en forma modificada, es aplicable, y los herederos representan al finado desde el momento de su muerte, teniendo derecho a todos sus bienes. La administración en Puerto Rico es para fines limitados, y cesa al hacerse una declaratoria de herederos. *Pérez* v. *Zeda,* 35 D.P.R. 329.

En ciertos casos, quizás un administrador judicial podría incoar una acción, especialmente si es necesaria para satisfacer las deudas, o en ausencia de los herederos necesarios; pero el caso excepcional, si es que existe, debe aparecer de la demanda. De lo contrario, los herederos tienen el derecho exclusivo de entablar pleito a causa de la actuación negligente de una persona al ocasionar la muerte del causante.

*Debe confirmarse la sentencia apelada.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison disintieron.*