LA SUCESIÓN DE HARRY A. McCORMICK, representada por sus albaceas testamentarios DOLORES ALCAIDE BAIZ, ANTONIO S. ALCAIDE BAIZ, CARLOS J. TORRES y WILLIAM A. Mc KINLEY, demandantes y apelantes, *v.* JOSÉ CARRIÓN, demandado y apelado.

No. 4874.—*Sometido:* Enero 21, 1930. *Resuelto:* Marzo 27, 1931.

*Heriberto Torres Solá y Carlos J. Torres*, abogados de la apelante; *F. Gallardo Díaz*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Harry A. McCormick falleció bajo testamento en San Juan, el 17 de octubre de 1927. El testamento se fechó el 12 de abril, 1927. El testador designó como herederos algunos de sus parientes más cercanos; reconoció el usufructo de su esposa; hizo varios legados, y nombró a ciertas personas como albaceas suyos, los que tomaron debida posesión de sus cargos. La cláusula XVI del testamento disponía lo siguiente:

"Los albaceas podrán acordar y pagar a otras personas los gastos y retribuciones que crean convenientes en la administración y custodia de los bienes y tendrán la representación exclusiva del caudal en los litigios de cualquier clase que contra el mismo se promovieren, con facultades amplias para defenderlos, transarlos o contratar los servicios de letrados, caso necesario, e igualmente procederán cuando el litigio fuere promovido por el caudal."

Entre los bienes relictos estaba una finca en Yabucoa, compuesta de sesenta cuerdas. Alegando haber sido perturbados en la posesión de dicha propiedad por José Carrión, los albaceas incoaron pleito contra él. El litigio se intituló "Sucesión de Harry A. McCormick, representada por sus albaceas testamentarios" (designándolos). La demanda, además de alegar algunos de los hechos que anteceden, adujo que los albaceas habían disfrutado la pacífica posesión material de esa finca hasta el 26 de marzo, cuando el demandado penetró en ella violentamente, etc. En la demanda también se alegó que Harry A. McCormick estuvo en posesión de la finca hasta el momento de su muerte, y que entonces la custodia y administración de sus bienes pasó a los albaceas. Se radicó una contestación en la que se alegaron varias defensas, y la Corte de Distrito de Humacao dictó sentencia en favor del demandado. De ahí esta apelación.

La Corte de Distrito de Humacao resolvió, siguiendo una defensa especial, que el demandante (*sic*) no tenía personalidad para demandar. La teoría fué que como se designó en el testamento a un número de herederos voluntarios, éstos eran los únicos con capacidad para demandar; que si bien el testador había nombrado albaceas con facultades especiales, también había designado herederos, y que él no podía violar los derechos de estos últimos. Se citó el caso de *Domínguez* v. *Sucesión Nadal,* 38 D.P.R. 372, el que a su vez citó el de *Pérez* v. *Zeda,* 35 D.P.R. 329, que es un caso de administración, y no de albaceazgo. La corte entonces resolvió que los albaceas carecían de personalidad para demandar.

Los apelantes llaman nuestra atención, entre otras cosas, hacia la alegación contenida en su demanda al efecto de que instaron este pleito en beneficio de la sucesión; que el testador no dejó herederos forzosos, sino completamente voluntarios; que la herencia de McCormick era enteramente de libre disposición; ellos mantienen que los herederos voluntarios heredan, por tanto, a la voluntad del testador; que bajo estas circunstancias, los albaceas son mandatarios del testador (78 J. C. 26; *Sucesión Criado* v. *Martínez,* 25 D.P.R 334); que los albaceas quedan obligados por todo aquello que esté especialmente regulado (100 J. C. 391; *Vilella* v. *El Registrador,* 36 D.P.R. 795). Entonces los apelantes hacen referencia al artículo 53 del Código de Enjuiciamiento Civil, así:

"Un albacea, administrador o comisario (*trustee*) por comisión expresa, o una persona especialmente autorizada por la ley puede demandar sin el concurso de las personas en cuyo beneficio se ejercita la acción. Una persona con la cual, o en cuyo nombre se celebra un contrato en beneficio de otra, es tenido por comisario (*trustee*) de una comisión expresa dentro del significado de este artículo."

Bajo el artículo 369 del Código de Enjuiciamiento Civil de California, la jurisprudencia tiende a demostrar que los albaceas pueden actuar en un caso como el presente, de ser

aplicable el artículo 53. Creemos que lo es, y nada de lo que dijimos en el caso de *Pérez* v. *Pérez* 41 D.P.R. 852 milita contra su aplicación. Convenimos con los apelantes en que los casos de *Domínguez* v. *Nadal*, y *Pérez* v. *Zeda*, son enteramente distintos, y nos inclinamos a favor de algunos de sus otros razonamientos, todos los cuales no hemos transcrito. No se presentó ningún caso de tal testamento específico en que los herederos fueran enteramente voluntarios. Los albaceas quedaron investidos de la posesión de la finca desde la fecha del fallecimiento del testador.

Además, en la demanda se alega la posesión material en los albaceas, y la prueba *prima facie* tendió a justificarla. No son los herederos voluntarios quienes han comparecido a la corte a oponerse, sino un alegado poseedor torticero. Si los apelantes tenían o no derecho a mantener la posesión, es cuestión distinta, pero no puede haber duda alguna de que si ellos tenían efectivamente la posesión material, según la prueba tendió a demostrar, les asistía, al amparo de las leyes de 1913 y 1917, el derecho de recuperarla. *Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*