María Colón, recurrente, *v.* Comisión Industrial de Puerto Rico, Hons. M. León Parra y F. Paz Granela, Comisionados, recurrida.

Núm. 13.—*Sometido:* Junio 21, 1937.   *Resuelto:* Julio 16, 1937.

*C. Iriarte, F. Fernández Cuyar y Héctor González Blanes,* abogados de la recurrente;

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En octubre 21 de 1936 falleció Próspero Bonilla Vargas mientras estaba ocupado en los deberes ordinarios de su empleo. Luego de practicar una investigación, el Administrador del Fondo del Seguro del Estado ordenó el archivo del caso fundándose en que no aparecía beneficiario alguno con derecho a indemnización bajo los términos de la Ley de Com-

1

pensaciones por Accidentes del Trabajo (Ley núm. 45 de abril 18, 1935, leyes de ese año, pág. 251).

Se apeló para ante la Comisión Industrial y el recurso fué denegado, sin celebración de vista, el 22 de abril de 1937. En mayo 18 del mismo año la peticionaria ante la Comisión Industrial, María Colón, solicitó se le diera la oportunidad de ser oída, pero en mayo 21 la Comisión ratificó su decisión original y se negó a concederle una vista, basada principalmente en el fundamento de que su condición o estado de "concubina" no le daba derecho a recibir compensación, bajo la sección 3 de la ley supra.

Se nos pide que revisemos la certeza del proceder de la Comisión Industrial (a) al negarse a oír a la peticionaria en la apelación por ella interpuesta contra la decisión del Administrador del Fondo del Estado, y (b) al dejar de considerar los motivos alegados en el recurso y llegar a la conclusión, como lo hizo, sin oír la prueba para sostenerlos, que éstos carecían enteramente de mérito.

La peticionaria ante nos ha incurrido en un cierto número de inconsistencias. En su petición solicita que esta corte revoque la conclusión de la Comisión Industrial y resuelva que ella tiene derecho a indemnización. Sin embargo, en su alegato pide que se devuelva el caso a la Comisión para que se celebre la vista correspondiente.

En vista de las anteriores circunstancias podríamos llegar a la conclusión de que la peticionaria ha tratado de someter el caso que está ante nos sobre la pura cuestión de derecho de si una "concubina" o, conforme ella alega, una mujer que ha vivido con un hombre por espacio de veinte años bajo condiciones similares a las del matrimonio, aunque éste jamás se celebró, puede ser considerada como "viuda" de forma tal que tenga derecho a compensación de acuerdo con la ley.

Aunque somos definitivamente del criterio que el caso debe ser devuelto a la Comisión Industrial para una vista, sólo lo haremos así luego de discutir la cuestión legal presentádanos por la misma peticionaria.

■ No tenemos dudas de que cuando la decisión del Administrador del Fondo del Estado es adversa a una persona que hace una reclamación bajo la ley de compensaciones por accidentes del trabajo, ella puede apelar para ante la Comisión Industrial y, a menos que las partes hagan una estipulación en contrario, es acreedora, como cuestión de derecho (*right*), a que se le celebre una vista sobre su reclamación.

La Comisión debe dar siempre a una persona que acude ante ella, como reclamante, la oportunidad de ser oída, irrespectivamente de lo convencida que pueda estar del resultado final. Esto está de acuerdo con el espíritu de la ley y con la naturaleza de la Comisión como cuerpo cuasi judicial y cuasi tutelar. Por tanto, el caso debe ser devuelto para que se celebre una vista ante la Comisión.

■ ■■ Asumiremos que la reclamante en este caso vivió con el finado durante veinte años inmediatamente anteriores a la muerte de éste, que ella dependía de él para su sostenimiento, pero que nunca se casaron legalmente.

La sección 3 de nuestra ley, supra, menciona expresamente las personas con derecho a ser beneficiarias a la muerte de un obrero asegurado. La peticionaria no cae dentro de la designación de ninguna de ellas. A la palabra ''viuda'' debe dársele su significado ordinario, o sea una mujer legalmente casada, cuyo marido ha muerto. Los casos citados por la peticionaria son de dudosa aplicación, toda vez que no estamos seguros que el estatuto en ellos envuelto fuera análogo al nuestro. De acuerdo con nuestro estatuto, no hallamos base para que hagamos una interpretación, y no incluye a una ''concubina''. Podemos decir de paso que en dos de los casos citados (*Kinnard* v. *Tennessee Chem. Co.*, 7 S. W. (2d) 807; *Sánchez* v. *Texas Employers' Ins. Ass'n.*, 51 S. W. (2d) 818) se había celebrado efectivamente la ceremonia y la peticionaria honradamente creía estar legalmente casada, aunque ello resultaba ser técnicamente incierto, puesto que el finado en cada caso nunca se había divorciado de su anterior consorte. Hemos examinado el estatuto de Tennessee, vigente

a la época en que se resolvió dicho caso, y hallamos que no dice de manera expresa quiénes han de recibir la compensación. El estatuto en el caso de *Louden* v. *Industrial Acc. Comm.*, 286 P. 1045, era enteramente distinto y el caso es inaplicable en sus términos.

Ésta es nuestra opinión sobre la cuestión de derecho envuelta y creemos que aunque la peticionaria tiene derecho a disfrutar de una vista ante la Comisión a ella debe aconsejársele que desista de su reclamación.

*Debe devolverse el caso a la Comisión Industrial para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.