RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los señores MANUEL LEÓN PARRA, Presidente, FRANCISCO PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, recurrida; y RAMÓN ORTIZ ALEJANDRO, peticionario ante la Comisión.

Núm. 166.—*Sometido:* Abril 24, 1939. *Resuelto:* Julio 14, 1939.

* NOTA: Véase el prefacio.

*Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar, y Víctor J. Vidal González y Guillermo Atiles Moréu, abogados estos últimos del Fondo del Estado, abogados del recurrente; M. León Parra, abogado de la recurrida; Virgilio Brunet y Miguel A. Casiano, abogados del peticionario ante la Comisión.*

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El presente es un recurso de revisión interpuesto por el Administrador del Fondo del Estado contra una resolución de la Comisión Industrial de Puerto Rico de 15 de febrero, 1939, en el caso del obrero Ramón Ortiz Alejandro.

Comunicó el obrero haber sufrido un accidente del trabajo el 26 de marzo, 1938. Se le trató médicamente y en 15 de agosto, 1938, se le dió de alta como definitivamente curado y sin incapacidad.

No conforme el obrero con la resolución del Administrador, en agosto 31, 1938, apeló para ante la Comisión Industrial. Ésta ordenó a su asesor médico que lo examinara y recibido su informe señaló el 16 de septiembre, 1938, para la vista oral y pública del caso que fué en efecto celebrada en dicha fecha con asistencia del Administrador del Fondo y del obrero por medio de sus representantes legales, practicándose prueba.

El obrero fué hospitalizado de nuevo por orden de la Comisión y en septiembre 30 ésta, resolviendo una moción

del mismo por su abogado y una súplica verbal de una hija suya, permitió que el obrero fuera trasladado a su hogar donde falleció al día siguiente, o sea el primero de octubre, 1938.

Así las cosas y sin que la Comisión hubiera aun resuelto la apelación para ante ella interpuesta por el obrero, el Administrador le pidió que archivara el caso por tratarse de una acción personal que murió con el obrero, de acuerdo con la jurisprudencia sentada por esta Corte Suprema en *Sucesión Bachier* v. *Com. de Indem.*, 33 D.P.R. 1016. A esa solicitud se opusieron Brunet y Casiano como "abogados de los beneficiarios" sin que en su escrito se mencione quiénes son dichos beneficiarios. Pasó algún tiempo y en 15 de febrero, 1939, dictó la Comisión la resolución final indicada.

En ella hace historia del caso, analiza la prueba y resuelve:

"Que el accidente que sufriera el obrero Ramón Ortiz Alejandro el día 23 de marzo de 1938, mientras trabajaba bajo el patronazgo de la Central Vannina, Inc., lo dejó totalmente incapacitado de manera permanente para trabajar."

Sigue entonces considerando la cuestión del archivo, analiza el caso de *Sucesión Bachier,* supra, invocado, y concluye que la doctrina sentada en el mismo fué rectificada por esta propia corte en el caso de *Quiñones* v. *South P. R. Sugar Co.,* 48 D.P.R. 351, si con anterioridad no lo hubiera sido en los casos de *P. R. Ry. Lt. & Power Co.* v. *Corte de Distrito de San Juan,* 38 D.P.R. 340, y *Consuelo Pérez* v. *Sucrs. de M. Pérez & Co.,* 41 D.P.R. 852. Termina resolviendo:

"Que los herederos de Ramón Ortiz Alejandro tienen derecho a reclamar del Fondo del Seguro del Estado se les pague la cantidad que hubiese tenido derecho a percibir el referido obrero como compensación por la incapacidad total con que quedara, consecuencia del accidente del trabajo que motivara los presentes autos."

Cuatro errores imputa el Administrador del Fondo a la Comisión Industrial.

█ El primero envuelve una cuestión de hecho que no puede ser considerada en este recurso de revisión. Nos referimos a la declaración de incapacidad que hizo la Comisión a virtud de los antecedentes del caso y de la apreciación de la prueba practicada ante ella. Los otros tres presentan la cuestión de si la acción del obrero se extinguió con su muerte y la de si pudo la Comisión en todo caso ordenar el pago de la compensación que correspondía al obrero a "los herederos" del mismo, irrespectivamente "de los derechos de las personas que pudieran resultar sus beneficiarios."

█ El caso de *Sucesión Bachier* v. *Comisión Indemnizaciones,* 33 D.P.R. 1016, se decidió en febrero 26, 1925, cuando regía la Ley de Indemnizaciones por Accidentes del Trabajo, tal como fué enmendada por la Ley núm. 61 de 1921 (pág. 473), y en él, siguiendo el caso *In re Burns,* 218 Mass. 8, 105 N. E. 601, se resolvió que:

"Siendo independientes la acción que tiene el obrero por lesiones recibidas y la que tienen sus herederos por su fallecimiento bajo el artículo 3 de la Ley de Indemnizaciones a Obreros, según fué enmendado por la Ley núm. 61 de 1921, no cabe substituir a los herederos en el lugar de su causante en una acción establecida por éste y que se extinguió con su muerte."

Pasaron algunos años, regía ya la Ley de Indemnizaciones por Accidentes del Trabajo Núm. 85 de 1928 (pág. 631) y esta corte en abril 10, 1935, en el caso de *Quiñones* v. *South P. R. Sugar Co. of P. R.,* 48 D.P.R. 351, tras un amplio estudio de la cuestión declaró que:

"Si bien el derecho a compensación *not yet accrued* termina con la muerte del obrero lesionado, sin embargo, aquella porción de la compensación *already accrued* a la muerte del obrero constituye un derecho adquirido que puede ser reclamado por los herederos o los representantes de la herencia y fijado por la Comisión Industrial."

Algún tiempo transcurrió y la Ley de Compensaciones por Accidentes del Trabajo ahora vigente lo es la Núm. 45 de 1935 ((1) pág. 251) aplicable a este caso y esa ley contiene la siguiente disposición expresa que hace innece-

saria la consideración de la cuestión de si el derecho a la compensación otorgada o pendiente de otorgarse al propio obrero se extingue o no con su muerte, pues lo resuelve en sentido afirmativo cuando el obrero o empleado mueren dejando personas que de ellos dependían:

"En todos los casos en que ocurriere la muerte a un obrero o empleado por cualquier causa independiente a la lesión recibida en el accidente, por la cual se hubiere otorgado una compensación o esté pendiente de otorgarse, el Administrador deberá, previa la prueba justificada al efecto, conceder y ordenar que se pague el balance no pagado de cualquier compensación perteneciente o que se adeude al obrero o empleado lesionado al tiempo de su muerte, a aquellos que dependieran para su subsistencia del obrero o empleado fallecido, en cuyos derechos quedan expresamente subrogados." Art. 3, núm. 4, párrafo 3 (pág. 265).

Si se lee el número 5 del dicho artículo 3 de la ley de 1935 se verá que si como resultado de las lesiones o enfermedad, sufrida en las condiciones especificadas en el artículo 2 de la ley, ocurriere la muerte del obrero o empleado dentro de dos años del accidente, y como consecuencia de éste, cuando no dejare personas que de él dependan para su subsistencia, se pagará una suma no mayor de $100 para el funeral en adición a aquellos otros gastos de asistencia médica en que se hubiere incurrido por orden del Administrador, y cuando dejare las personas especificadas que de él dependían total o parcialmente para su subsistencia, se acordará una compensación de mil a tres mil dólares que se graduará como la ley dispone.

Prevé, pues, la propia ley los dos casos, aquél en que el obrero lesionado muere por causa independiente a la lesión recibida en el accidente y aquél en que fallece como resultado de la lesión, y para ambos dicta reglas.

¿Cuál de los casos es éste? En realidad no se sabe. Nada resolvió en concreto la Comisión sobre el punto. Y ello era absolutamente necesario, porque sólo cuando el obrero no muere como consecuencia de la lesión recibida en el accidente

del trabajo es que puede aplicarse el párrafo transcrito del número 4 del artículo 3 de la ley de que se trata.

En su alegato de impugnación Brunet y Casiano que siguen titulándose "abogados de los beneficiarios" sin que expresen quiénes son éstos—circunstancia que debe esclarecerse ya que examinando los autos se encuentra una carta presentada directamente por una hija del obrero que no se sabe si era dependiente o no—al referirse al cuarto señalamiento de error dicen:

"Estamos de acuerdo con el recurrente en la questión planteada en el cuarto error. El derecho a la compensación no es de los herederos del obrero fenecido, sino de los beneficiarios. Téngase por entendido que cuando la Comisión Industrial dijo herederos quiso decir beneficiarios del obrero fallecido. De acuerdo con el estatuto, párrafo antes transcrito, son los beneficiarios los que tienen derecho a la compensación, ya que nuestra ley es una de dependencia y no de herencia."

No es tan fácil la cuestión ni hay base para variar la resolución de la Comisión Industrial sustituyendo el término herederos por el de beneficiarios, especialmente cuando nos encontramos frente al hecho indicado de la existencia de una hija heredera que pudo o no hallarse dependiendo para su subsistencia de lo que su padre ganaba y cuando quizá fué ella la que tuvo en mente la Comisión al referirse a herederos habiendo hecho antes el estudio que la llevó a concluir que el derecho a la reclamación no era uno que murió con la persona. Esta consideración nos lleva al punto de que no obstante lo amplio de la ley actual es lo cierto que dejó algo por determinar expresamente, a saber, el caso en que ocurriendo la muerte del obrero por causas independientes del accidente del trabajo se le deba algo por la compensación que le correspondía y no existan personas que de él dependían y sí haya herederos independientes.

Creemos, pues, que la resolución de 15 de febrero, 1939, debe revocarse en cuanto a su disposición final, o sea, en cuanto declara que "los herederos de Ramón Ortiz Alejandro

*tienen derecho a reclamar del Fondo del Seguro del Estado
la cantidad que hubiese tenido derecho a percibir el obrero
como compensación por la incapacidad total con que que-
dara", devolviéndose el asunto a la Comisión para que se
determine la causa de la muerte de Ramón Ortiz Alejandro
y en el caso de que se concluya que no fué el resultado del
accidente, se investigue si el obrero dejó o no personas que
de él dependían y si dejó se ordene que se les pague el
balance no pagado de cualquier compensación perteneciente
o que se adeude al indicado obrero, y para que se adopte
cualquiera otra medida que una vez esclarecidos los hechos
se estime procedente de acuerdo con la ley.*

El Juez Asociado Sr. Travieso no intervino.