GUILLERMO ATILES MORÉU, EN SU CARÁCTER DE ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; LUIS LARRACUENTE MARRERO, obrero fenecido.

Núm. 317.—*Sometido:* Mayo 1, 1944. *Resuelto:* Mayo 17, 1944.

660

*Hon. Procurador. General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar, y Joaquina Pérez Cordero, A. de Jesús Matos, J. Correa Suárez y A. Sandín del Manzano,* abogados del recurrente; *Edelmiro Soldevila,* abogado de la reclamante en el caso.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El obrero Luis Larracuente trabajaba como estibador para la Sucesión J. Serrallés y cuando no había trabajo de esa naturaleza se dedicaba a llenar carretillas. El día 1 de marzo de 1942 estando en el trabajo de recoger sacos en espera de la llegada de un *truck,* se sentó en una carretilla y de allí cayó al suelo con un síncope, muriendo poco después como consecuencia de una angina de pecho.

En la fecha en que ocurrió la muerte del obrero, éste tenía un hijo natural de tres meses de edad, llamado Luis Alfonso Larracuente, el cual falleció cuarenta y nueve días después de la muerte de su padre.

Francisca Pérez, concubina de Larracuente y madre del niño y Alfonso, Emeterio y Francisca Larracuente, hermanos del difunto obrero solicitaron el pago de la compensación y denegada ésta por el Administrador, apelaron para ante la Comisión Industrial. En la vista ante la Comisión, los hermanos del obrero desistieron de sus reclamaciones. En febrero 15 de 1944 la Comisión revocó la decisión del Administrador y éste interpuso el presente recurso.

La única cuestión que debemos considerar y resolver es si la reclamante Francisca Pérez, concubina del difunto obrero y madre del niño Luis Alfonso Larracuente, adquirió al fallecimiento de éste el derecho a subrogarse en la compensación que hubiera correspondido al menor si éste no hubiese fallecido.

Que la Ley núm. 45 de abril 18 de 1935 ((1) pág. 251), tal y como estaba vigente en marzo 1 de 1942, fecha del accidente, no incluía a la concubina entre los beneficiarios del obrero fallecido, fué resuelto por esta Corte Suprema en *Colón* v. *Comisión Industrial,* 52 D.P.R. 1. Tampoco tendría derecho alguno la reclamante, como beneficiaria directa, de acuerdo con el apartado 5 de la sección 3 de la Ley de Compensaciones por Accidentes del Trabajo, según fué enmendada por la Ley núm. 52 de abril 25 de 1942, porque de acuerdo con dicha enmienda para que la concubina pueda ser considerada como viuda, a los efectos de compensación, es necesario que "al tiempo de la muerte del obrero, y durante los últimos tres años con anterioridad al fallecimiento, haya vivido con el obrero honestamente como marido y mujer, en estado de público concubinato, siendo ambos solteros durante la totalidad del referido período y en aptitud de casarse con dispensa o sin ella." La reclamante en este caso declaró ante la Comisión que ella había vivido con Larracuente solamente durante un año y once meses con anterioridad a su fallecimiento.

Conviene hacer constar que cuando el Administrador del Fondo dictó su decisión en 31 de agosto de 1942, ya hacía más de cuatro meses que el menor había fallecido, sin que quedara persona otra alguna que dependiese legalmente del obrero para su sostenimiento.

Al reconocer a la reclamante Francisca Pérez su alegado derecho a subrogarse en los que pudiera tener el menor para recibir compensación por la muerte de su padre, la Comisión Industrial se apoyó en las disposiciones del párrafo 3 del inciso 4 de la sección 3 de la Ley de Compensaciones por Accidentes del Trabajo, que lee así:

"En todos los casos en que ocurriere la muerte de un obrero o empleado *por cualquier causa independiente a la lesión recibida en el accidente,* por la cual se hubiere otorgado una compensación o esté pendiente de otorgarse, el Administrador deberá, previa la prueba justificada al efecto, conceder y ordenar que se pague el balance no pagado de cualquier compensación perteneciente o que se adeude al obrero o empleado lesionado al tiempo de su muerte, a aquellos que dependieran para su subsistencia del obrero o empleado fallecido, en cuyos derechos quedan expresamente subrogados."

Es tal la claridad del estatuto que acabamos de transcribir, que se hace difícil comprender cómo pudo la Comisión llegar a la conclusión de que sus disposiciones puedan ser aplicables a los hechos de este caso.

El obrero Larracuente murió repentinamente en y como consecuencia de un accidente del trabajo. Su muerte no fué motivada por "una causa independiente a la lesión recibida en el accidente". Cuando falleció no se le había otorgado ni estaba pendiente de otorgársele compensación alguna. La compensación, si alguna había de pagarse con motivo de su muerte, no era pagadera a él y sí a los que de él dependían para su subsistencia. El propósito del estatuto, erróneamente aplicado al caso de autos, es otro. Cuando un obrero sufre un accidente que le incapacita temporal o permanentemente para el trabajo, la ley le concede una compensación que se gradúa de acuerdo con la tabla de com-

pensaciones contenida en la sección 3 de la Ley de Compensaciones por Accidentes del Trabajo. Si el obrero lesionado falleciere después del accidente, por una causa no relacionada con el accidente, y antes de que se le pagara por completo la compensación a que tenía derecho, entonces la cantidad pendiente de pago en la fecha de su muerte deberá ser pagada a aquéllos que dependían de él para su subsistencia. Larracuente, habiendo muerto en el accidente y como consecuencia del mismo, no había adquirido al tiempo de su muerte derecho alguno a compensación en el que pudiera subrogarse su hijo menor.

De acuerdo con la sección 3, inciso 5 de la citada ley, el menor Luis Alfonso Larracuente, como hijo natural y dependiente para su subsistencia del obrero difunto, adquirió a la muerte de su padre el derecho a una compensación de mil a tres mil dólares, la cual debería ser graduada de acuerdo con la capacidad económica del obrero y sus probabilidades de vida. Esa compensación debía hacerse efectiva por pagos parciales mensuales. Si el Administrador hubiese graduado la compensación pagadera en este caso y hubiese fijado el importe de los pagos parciales mensuales, inmediatamente después del fallecimiento del obrero y antes de la muerte del menor, éste hubiera recibido la compensación correspondiente a los cuarenta y nueve días transcurridos desde el 1 de marzo al 19 de abril de 1942.

¿Adquirió el menor Luis Alfonso Larracuente algún derecho a compensación trasmisible por herencia a su madre, la reclamante Francisca Pérez? La misma Ley de Compensaciones por Accidentes del Trabajo contesta en la negativa la pregunta que hemos formulado. La sección 3, inciso 5, párrafo 5, dispone lo siguiente:

"Al volver a casarse la viuda o viudo los pagos parciales concedídosle para su beneficio cesarán por completo; *y cesarán igualmente al morir cualquiera otro de los beneficiarios a quien se estuviere haciendo tales pagos parciales* y en casos de menores cesarán igual-

mente tales pagos al llegar éstos a la edad de 18 años, a menos que estuvieran incapacitados para el trabajo". (Bastardillas nuestras.)

De acuerdo con la disposición transcrita, todo el derecho que de acuerdo con la ley tenía el menor a recibir pagos parciales mensuales como compensación por la muerte de su padre cesó el 19 de abril de 1942 al ocurrir la muerte de dicho beneficiario. La madre de éste solamente podía adquirir el derecho a reclamar el pago de la compensación que su hijo pudo y debió recibir por los cuarenta y nueve días que sobrevivió a su padre. Y es justo que el Administrador fije y haga efectiva la compensación correspondiente a ese período de tiempo. Véanse: *Barwin v. Independent School District of Sioux Falls,* (S. D.) 248 N. W. 257; 71 C. J. Sec. 312, p. 555.

*La resolución recurrida debe ser revocada y el caso devuelto a la Comisión Industrial con instrucciones de dictar una resolución ordenando al Administrador del Fondo del Seguro del Estado que fije la compensación que el menor Luis Alfonso Larracuente tenía derecho a recibir por el período de marzo 1 a abril 19 de 1942 y la haga efectiva a su madre natural, la reclamante Francisca Pérez.*