Ramón Bruno Colón, lesionado, Fred Imbert, Inc., patrono, *v.* Comisión Industrial de P.R., etc., demandada; Fondo del Seguro del Estado, asegurador recurrente.

Número: O-79-513    Resuelto: 13 de mayo de 1980

*Francisco Falú Lebrón, Antonio Acevedo Torres* y *Jorge Márquez González*, abogados de la Administradora del Fondo del Seguro del Estado; *Jeannette Tomasini*, Presidenta, Comisión Industrial de Puerto Rico, el lesionado no compareció en autos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Ramón Bruno Colón sufrió tres ataques al corazón en el curso de su empleo, siendo hospitalizado en varias ocasiones, la primera allá para el 4 de diciembre de 1970 y otra para enero de 1972. Acudió al Fondo del Seguro del Estado el 9 de febrero de 1972, donde fue tratado y dado de alta el 29 de febrero sugiriéndosele descanso. Se le diagnosticó una pérdida de cincuenta por ciento (50%) de sus funciones fisiológicas generales. Subsiguientemente, sufrió dos ataques más y murió el 13 de abril de 1973. Con posterioridad, el 20 de noviembre de 1973, se le reconoció una incapacidad de

cincuenta por ciento (50%). Sus beneficiarios reclamaron compensación por muerte negándola el Fondo a base de que el deceso no estaba relacionado con el accidente sufrido, ordenando se les pagara los beneficios concedidos al obrero por incapacidad parcial. No conformes, apelaron a la Comisión Industrial, la cual: (a) revocó al Fondo determinando que la muerte estuvo relacionada con el accidente; (b) ordenó se les pagara gastos de funeral más gastos médicos incurridos y otros que procedieran de acuerdo a la ley; y (c) aumentó la compensación que se le había concedido a un ciento por ciento (100%) y decretó que igualmente les fuera satisfecha, descontando "lo anteriormente pagado". A solicitud del Administrador, acordamos expedir.

I

La controversia ante nos se reduce a considerar si en las circunstancias apuntadas procede que se compense a los beneficiarios por la muerte del obrero y a la vez se les pague los beneficios que hubiesen correspondido en vida de éste. En esta tarea es menester que recurramos primordialmente a la letra de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 1 *et seq.*, teniendo en mente los propósitos amplios y humanitarios que inspiraron su redacción de brindar, en lo posible, la protección que el obrero fallecido representaba para los que de él dependían—*Vélez, Admor.* v. *Comisión Industrial*, 91 D.P.R. 480 (1964); *Feliciano Figueroa* v. *Comisión Industrial*, 84 D.P.R. 196 (1961); *Guzmán Muñoz* v. *Comisión Industrial*, 85 D.P.R. 700 (1962); *Atiles Moreu, Admor.* v. *Comisión Industrial*, 85 D.P.R. 218 (1962); *Atiles, Admor.* v. *Comisión Industrial*, 77 D.P.R. 511 (1954)—recordando que siendo un estatuto de carácter remedial debe interpretarse liberalmente en favor del obrero. *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 183 (1974). La tesis del Administrador del Fondo, en síntesis, es que lo resuelto por la Comisión equivale a una doble compensación. Tiene razón.

La lectura concienzuda de las disposiciones de ley aplicables y el examen de la jurisprudencia, nos convence que la Asamblea Legislativa no contempló la concesión de ambas partidas a los dependientes de un obrero que muere como consecuencia de una lesión o enfermedad ocupacional por la cual le estaba reconocida o pendiente de reconocérsele una compensación. Nos explicamos. Para comenzar, debemos señalar que los beneficios envueltos surgen por virtud de derechos distintos. Así, los beneficios por incapacidad se dirigen a suplir en vida la reducción en la capacidad productiva del obrero, mientras que los de muerte se establecen para los beneficiarios en aras de remediar en lo posible la desaparición de su proveedor. *Alonso García* v. *Comisión Industrial*, supra. La norma para computar los beneficios varía en uno y otro caso. *Villa* v. *Comisión Industrial*, 65 D.P.R. 562 (1946). Lo uno es del obrero, lo otro de sus dependientes. Larson, *Workmen's Compensation Law*, sec. 64.00, págs. 11-112 a 11-113.

Con la anterior distinción en mente, al evaluar el estatuto palpamos que el derecho de los dependientes en la compensación concedida a su proveedor es sólo en los casos en que la muerte del obrero *no* es consecuencia del accidente sufrido. A tal efecto, el inciso 4 del Art. 3 de la Ley dispone la manera en que se habrá de proceder para pagar a los beneficiarios "[e]n todos los casos en que ocurriere la muerte de un obrero o empleado *por cualquier causa independiente a la lesión recibida* . . ., por la cual se hubiere reconocido o esté pendiente de reconocerse una incapacidad. . .". 11 L.P.R.A. sec. 3. (Bastardillas nuestras.)

Sin embargo, para el caso en que la muerte surgiere "como resultado del accidente sufrido" y dentro del período requerido, se establecen ciertos pagos, tales como gastos del funeral que no exceden de $300.00 y otros de asistencia médica, hospitalización y medicinas incurridos por orden del Fondo para los casos en que el obrero no deja dependientes, y una compensación a graduarse según se expresa en la ley para los

casos en que le sobreviven dependientes. (Art. 3, inciso 5, Núms. (1) al (3), letras (a) a la (i) según apliquen.) Nada dispone la ley para casos en que la muerte esté relacionada al accidente sufrido, que exista la subrogación de los dependientes en los beneficios por incapacidad como se provee en el inciso 4 para los casos en que la muerte *no* está relacionada.

Corrobora esta interpretación *Montaner, Admor.* v. *Comisión Industrial*, 55 D.P.R. 270, 274–275 (1939) y *Atiles, Admor.* v. *Comisión Industrial*, 63 D.P.R. 659 (1944). En el primero, ocurrió la muerte del obrero sin relación con el accidente anterior por el cual estaba pendiente de otorgarse una incapacidad. Aludimos al inciso 4 como resolviendo precisamente el problema de si el derecho del obrero a compensación por incapacidad se extinguía o no con la muerte de éste. Haciendo un contraste con lo dispuesto en el inciso 5, dijimos que bajo este último, cuando ocurre la muerte del obrero como resultado de las lesiones o enfermedad y en el período provisto—en aquel entonces dos años—emanan ciertos beneficios que varían según la propia ley y en atención a si el obrero deja o no dependientes. No se halló que hubiera derecho alguno de los dependientes a subrogarse en los beneficios por incapacidad que estuviesen reconocidos o pendientes de reconocerse a su proveedor en tales circunstancias. Se dijo:

"[S]ólo cuando el obrero no muere como consecuencia de la lesión recibida en el accidente del trabajo es que puede aplicarse el párrafo transcrito del número 4 del artículo 3 de la ley. . . ." (1)

---

(1) En *Atiles*, supra, págs. 662–663, de igual modo se aclaró el contexto de aplicación del inciso 4:

"El obrero . . . murió repentinamente en y como consecuencia de un accidente del trabajo. Su muerte no fué motivada por 'una causa independiente a la lesión recibida en el accidente'. Cuando falleció no se le había otorgado ni estaba pendiente de otorgársele compensación alguna. La compensación, si alguna había de pagarse con motivo de su muerte, no era pagadera a él y sí a los que de él dependían. . . . El propósito del estatuto, erróneamente aplicado al caso de autos, es otro. Cuando un obrero sufre un accidente que le incapacita temporal o permanentemente para el trabajo, la ley concede una compensación que se gradúa de acuerdo [con la ley]. Si el obrero lesionado falleciere después del accidente, por una causa no relacionada con el accidente, y antes de que se le pagara por completo la compensación a que tenía derecho, entonces la cantidad pendiente de pago en la fecha de su muerte deberá ser pagada a aquéllos que dependían de él para su subsistencia."

El resultado a que hemos arribado es consistente con lo que parece imperar en gran número de los estatutos de compensación en otras jurisdicciones en los que cuando ocurre la muerte por causas relacionadas al accidente sufrido, se limita a los dependientes a los beneficios por muerte. Larson, *op. cit.*, sec. 58.40, págs. 10-253 a 10-254.

■ En consecuencia resolvemos, que habiendo la Comisión determinado que la muerte de Bruno Colón estaba relacionada con un accidente laboral, la disposición aplicable es el inciso 5 del Art. 3, que en adición al pago de los gastos médicos, funeral, medicinas y hospitalización, reconoce—cuando el obrero deja dependientes—una compensación a graduarse de acuerdo a lo allí expuesto. Por ende quedó excluido el derecho a recibir éstos la pensión por incapacidad.

*Se dictará sentencia revocando la resolución recurrida en cuanto ordenó pagar a los beneficiarios del obrero el aumento decretado en la incapacidad y lo no pagádole en vida. Se devuelven los autos para los trámites compatibles con lo expuesto.*

El Juez Asociado Señor Díaz Cruz concurre en el resultado sin opinión.